955 S.W.2d 379 (1997)
In the Matter of D.V.
No. 04-96-00974-CV.
Court of Appeals of Texas, San Antonio.
October 1, 1997.
John Paul Young, San Antonio, for Appellant.
Laura Bohlman, Asst. Crim. Dist. Atty., San Antonio, for Appellee.
Before STONE, GREEN and ANGELINI, JJ.

OPINION
GREEN, Justice.
D.V. appeals the juvenile court's order modifying probation and committing him to the Texas Youth Commission for an indeterminate time. In a single point of error, D.V. contends the juvenile court erred in admitting certain evidence. Because the error was harmless, we affirm.

Background
In 1995, D.V. stipulated to the offense of evading arrest, was adjudicated delinquent, and was placed on probation. The State later moved to modify probation, alleging D.V. had violated a condition of probation by assaulting Maria Esqueda.
At the hearing on the State's motion, Esqueda testified that D.V. choked her, pushed her to the ground, and kicked her in the mouth because he thought she was flirting *380 behind his back. She also said D.V.'s friends threatened to kill her if she testified against him. The trial court overruled D.V.'s objection to the relevancy of the threat.

Discussion
D.V. contends the trial court reversibly erred in admitting the threat evidence because it was both irrelevant and harmful. The State concedes error, and we agree the trial court abused its discretion in admitting the evidence. See In re J.L., 664 S.W.2d 119, 120 (Tex.App.Corpus Christi 1983, no writ) (stating standard of review for modifying juvenile dispositions). We address the error's effect because the State contends it was harmless "beyond a reasonable doubt." See Tex.R.App. P. 44.2 (formerly Tex.R.App. P. 81(b)(2)) (regarding reversible error in criminal cases). While we agree with the State's conclusion, we disagree with its harm analysis.
We review the disposition phase of a juvenile proceeding with the criminal harm analysis of Rule 44.2 when the State proceeds with determinate sentencing.[1]In re D.Z., 869 S.W.2d 561, 565-66 (Tex.App. Corpus Christi 1993, writ denied); see also In re M.R.R., 929 S.W.2d 687, 689 (Tex. App.San Antonio 1996, no writ). In contrast, when the State proceeds with indeterminate sentencing,[2] we review the disposition with the civil harm analysis of Rule 44.1 (formerly Rule 81(b)(1)). In re C.P., 925 S.W.2d 151, 152 (Tex.App.Austin 1996, writ denied); see also In re G.A.O. v. State, 854 S.W.2d 710, 716, 718 (Tex.App.San Antonio 1993, no writ). This distinction applies to original dispositions as well as modified dispositions.
Because D.V. received an indeterminate sentence, we ask whether the admission of the irrelevant evidence "probably caused the rendition of an improper [order]." TEX. R.APP. P. 44.1(a)(1). Considering Esqueda's testimony about the assault, we hold the error harmless. We therefore overrule D.V.'s only point of error and affirm the trial court's order.
NOTES
[1] Under determinate sentencing, the juvenile could receive up to forty years by serving time in a Department of Corrections facility after age eighteen. Tex. Fam.Code Ann. § 54.04(d)(3) (Vernon Supp.1997).
[2] Under indeterminate sentencing, the juvenile could be confined at the Texas Youth Commission until age twenty-one. TEX. HUM. RES.CODE ANN. § 61.084(e) (Vernon Supp.1997).