TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00197-CV






In the Matter of J. H.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-19,359, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING





O P I N I O N




 J.H. appeals his delinquent-child adjudication and disposition after the trial court
found he had engaged in the following delinquent conduct: aggravated sexual assault, indecency
with a child by contact, and indecency with a child by exposure. See Tex. Pen. Code Ann. § 22.021
(West 2003), § 21.11 (West Supp. 2004). After the disposition hearing, the court ordered J.H.
committed to the Texas Youth Commission for a determinate period of twenty-five years. See Tex.
Fam. Code Ann. §§ 51.03, 54.04 (West Supp. 2004). Because we hold that the trial court improperly
found two of the counts to be true when J.H. had established an affirmative defense to them, we will
modify the adjudication order, affirm it as modified, and remand the cause for a new disposition
hearing.


BACKGROUND


 After waiving his right to a trial by jury, J.H. was tried in a bench trial for nine counts
of alleged delinquent conduct--aggravated sexual assault, indecency with a child by contact, and
indecency with a child by exposure--committed against his three younger sisters, S.H., D.H., and
L.H. See Tex. Pen. Code Ann. §§ 22.021, 21.11. The trial court found the following six paragraphs
of the petition to be true and adjudicated J.H. delinquent accordingly: paragraphs three and four,
alleging aggravated sexual assault against D.H.; paragraph five, alleging indecency with D.H. by
contact; paragraph seven, alleging indecency with S.H. by contact; paragraph ten, alleging indecency
with S.H. by exposure; and paragraph eleven, alleging indecency with L.H. by exposure. See Tex.
Fam. Code Ann. § 51.03. The court also determined that J.H. had committed a violation of a penal
law listed in section 53.045(a) of the family code. See id. § 53.045(a) (West 2002) (including
aggravated sexual assault under penal code section 22.021 and indecency by contact under penal
code section 21.11(a)(1)); Tex. Pen. Code Ann. §§ 21.11(a)(1), 22.021. The court then conducted
a disposition hearing to determine J.H.'s punishment. The court found that J.H. was in need of
rehabilitation and that it would be in his best interest to be committed to the care, custody, and
control of the Texas Youth Commission. Because the trial court found that J.H. engaged in a
violation of the offense of aggravated sexual assault, the court committed him to the Texas Youth
Commission for a determinate sentence of twenty-five years. (1)
 See Tex. Fam. Code Ann.
§ 54.04(d)(3) (West Supp. 2004); Tex. Hum. Res. Code Ann. § 61.084 (West Supp. 2004).

 In five points of error, J.H. appeals his adjudication for several of the offenses and
the imposition of the twenty-five-year determinate sentence, arguing that the trial court erred by (1)
assessing a determinate sentence after finding that he committed the offense of indecency with a
child by exposure because that offense is not one for which a determinate sentence can be imposed;
(2) finding that he committed the offense of indecency with S.H. by contact because he had
established an affirmative defense to that charge; (3) finding that he committed the offense of
indecency with S.H. by exposure because he had established an affirmative defense to that charge;
(4) finding that he had committed the offense of indecency with D.H. by contact because the charge,
as pled in the petition, is a lesser-included offense of aggravated sexual assault, and thus his rights
have been violated under the Texas Constitution's protections against double jeopardy; and (5)
finding that he had committed the offense of indecency with D.H. by contact because the charge, as
pled in the petition, is a lesser-included offense of aggravated sexual assault, and thus his rights have
been violated under the United States Constitution's protections against double jeopardy.


DISCUSSION

Determinate sentence

 In his first point of error, J.H. argues that the trial court erred in assessing a
determinate sentence after finding that he engaged in two counts of indecency with a child by
exposure because that offense is not among the listed offenses for which a determinate sentence can
be ordered. See Tex. Fam. Code Ann. § 53.045(a). The offenses for which a determinate sentence
can be imposed include the following: aggravated sexual assault under penal code section 22.021
and indecency with a child by contact under penal code section 21.11(a)(1). See id.; Tex. Pen. Code
Ann. §§ 21.11(a)(1), 22.021. Although we agree with J.H. that the offense of indecency with a child
by exposure is not among the listed offenses, both of the other offenses for which he was
adjudicated--aggravated sexual assault and indecency with a child by contact--are listed in section
53.045(a) of the family code, allowing for a determinate sentence:


[I]f the court or jury found at the conclusion of the adjudication hearing that the child
engaged in delinquent conduct that included a violation of a penal law listed in
Section 53.045(a) . . . the court or jury may sentence the child to commitment in the
Texas Youth Commission with a possible transfer to the institutional division or the
pardons and paroles division of the Texas Department of Criminal Justice for a term
of: (A) not more than 40 years if the conduct constitutes: . . . a felony of the first
degree.



Tex. Fam. Code Ann. § 54.04(d)(3). Based on a plain reading of the statute, we conclude that even
one violation of one penal law listed in section 53.045(a) of the family code is sufficient for the
imposition of a determinate sentence. Here, J.H. was found to have engaged in both aggravated
sexual assault and indecency with a child by contact, both of which are listed in section 53.045(a). 
See Tex. Pen. Code Ann. § 53.045(a). That he also engaged in another offense--one not listed in
section 53.045(a)--does not prohibit the assessment of a determinate sentence. We overrule J.H.'s
first point.


Affirmative defense

 In points of error two and three, J.H. argues that the trial court erred in finding that
he had committed the offenses in paragraphs seven and ten of the petition, alleging indecency with
a child by contact and by exposure as to S.H., because the evidence established an affirmative
defense to those offenses. A defendant must prove an affirmative defense by a preponderance of the
evidence. Id. § 2.04(d) (West 2003). When a court of appeals is asked to consider whether an
appellant has proven an affirmative defense at trial, "the correct standard of review is whether after
considering all the evidence relevant to the issue at hand, the judgment is so against the great weight
and preponderance of the evidence so as to be manifestly unjust." Meraz v. State, 785 S.W.2d 146,
154-55 (Tex. Crim. App. 1990). It is an affirmative defense to the offense of indecency with a child
if the evidence establishes that the actor:


(1) was not more than three years older than the victim and of the opposite sex;


(2) did not use duress, force, or a threat against the victim at the time of the offense;
and


(3) at the time of the offense:


 (a) was not required under Chapter 62, Code of Criminal Procedure, to register
for life as a sex offender; or


 (b) was not a person who under Chapter 62 had a reportable conviction or
adjudication for an offense under this section.



Tex. Pen. Code Ann. § 21.11(b). J.H. first contends that because the court made a finding that he
had established the defense as to paragraph eight of the petition, which alleged indecency with S.H.
by contact by causing S.H. to touch J.H.'s genitals, the first and third elements of the defense should
also be applied to paragraphs seven and ten, which also alleged indecency by contact with S.H. and
only differed in the manner and means alleged. We agree.

 After closing arguments, the trial court made the finding that the affirmative defense
had been established as to paragraph eight and did not, therefore, adjudicate J.H. for that offense.
The first element of the affirmative defense--going to the age difference between J.H. and
S.H.--and the third element--whether J.H. was a sex offender or had a prior reportable adjudication
for indecency with a child--are not offense-specific. Therefore, if J.H. met his burden as to these
two elements of the affirmative defense for one allegation of indecency with S.H., then he met his
burden on the two elements as to any other allegations of indecency with that same child. Thus, we
must consider the evidence in the record on the second element, the use of force or threat. If the
failure to find on this element of the affirmative defense for paragraphs seven and ten was "so against
the great weight and preponderance of the evidence as to be manifestly unjust," Meraz, 785 S.W.2d
at 154-55, then we must strike the findings of true for those offenses.

 As to the allegation in paragraph seven, that J.H. touched the breast of S.H., the State
cites the following evidence in the record as supporting the use of force by J.H.: that he took her
shirt, lifted it up, and stuck his hand under it; that he "touched the things a lady has [her breasts], and
then he kissed [her] on the lips"; that he "just grabbed [her] arms and kissed [her]"; and that she told
him she did not want him to kiss her. It is not clear from the evidence in the record whether J.H.'s
alleged kissing of S.H. occurred as part of the same incident as the alleged touching of her breasts,
but likely it did not because the alleged kissing appears to have occurred in the children's living
room, while the breast-touching occurred in J.H.'s room. Additionally, a forensic interviewer at the
Children's Advocacy Center testified that S.H. had told her J.H. had taken her hand, made her put
it on his penis, and had moved her hand along his penis. It is also not clear from the record whether
this was connected with the breast-touching incident. Evidence cited by J.H. consists of S.H.'s
testimony that J.H. had never forced her to comply with his requests; that she complied because he
promised to give her candy if she did so; and that one time when she said "no" to a request, he left
her alone. Taken together, we conclude that this evidence does not indicate that any force or threat
was used when J.H. allegedly touched S.H.'s breasts. Although a fact-finder could reasonably
conclude that force might have been used when J.H. kissed S.H. or caused her to touch his penis, (2)
the evidence is too attenuated to extrapolate that force was used with respect to the breast-touching
incident. Except for J.H.'s alleged lifting of S.H.'s shirt, there is no evidence of any force, and we
conclude that lifting a shirt, alone, does not constitute the use of force or threat. We hold that J.H.
established the affirmative defense as to this offense, sustain his second point, and strike the trial
court's finding of true as to paragraph seven.

 Unlike the offense in paragraph seven, the State does not cite any evidence in the
record to support the use of force by J.H. with respect to paragraph ten, alleging that J.H. exposed
his genitals in S.H.'s presence, and we have found none in our review. We therefore hold that the
failure to find that J.H. had established an affirmative defense for paragraph ten was "so against the
weight and preponderance of the evidence as to be manifestly unjust" and accordingly sustain J.H.'s
third point. The trial court erred in finding that J.H. committed this offense, and we strike the court's
finding of true as to paragraph ten.


Double jeopardy

 In points of error four and five, J.H. asserts that his federal and state constitutional
rights not to be put into jeopardy more than once for the same criminal act of conduct were violated
by the trial court's finding of true for the offenses of aggravated sexual assault as to D.H. and
indecency with a child by exposure as to the same child. See U.S. Const. amends. V, XIV; Tex.
Const. art. I, § 14; North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds
by Alabama v. Smith, 490 U.S. 794 (1989) (constitutional prohibition against double jeopardy
protects against second prosecution for same offense after either conviction or acquittal and multiple
punishments for same offense). J.H. does not separately argue the state and federal constitutional
claims or argue that the Texas double-jeopardy clause differs in any significant way from the Fifth
Amendment. We therefore overrule point of error four--the state claim--and will consider the
double-jeopardy issue under the federal constitution. Hutchins v. State, 992 S.W.2d 629, 630 (Tex.
App.--Austin 1999, pet. ref'd) (citing Queen v. State, 940 S.W.2d 781, 783 (Tex. App.--Austin
1997, pet. ref'd)).

 The principal test for determining whether two offenses are the same for the purposes
of double jeopardy were set out by the U.S. Supreme Court in Blockburger v. United States:


The applicable rule is that where the same act or transaction constitutes a violation
of two distinct statutory provisions, the test to be applied to determine whether there
are two offenses or only one, is whether each provision requires proof of a fact which
the other does not.



284 U.S. 299, 304 (1932). Greater and lesser included offenses are the "same" offense for double-jeopardy purposes. Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994) (citing Brown
v. Ohio, 432 U.S. 161, 169 (1977)). Texas law describes "includedness" in much the same way that
Blockburger describes "sameness." Id. In Texas, an offense is considered to be included within
another if, among other things, "it is established by proof of the same or less than all of the facts
required to establish the commission of the offense charged." Tex. Code Crim. Proc. Ann. art.
37.09(1) (West 1981); Parrish, 869 S.W.2d at 354. With respect to sexual offenses, the Texas Court
of Criminal Appeals has determined that the legislature intended to punish separate acts, even though
such acts might be in close temporal proximity, and has rejected grouping aggravated sexual assaults
"by transaction." See Vick v. State, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999). Thus, sexual
offenses that involve separate acts, even though they fall under the same statute, are not considered
the "same" offense under the Blockburger test because they do not involve the same conduct. Id. 
The court of criminal appeals has "long considered more than merely statutory elements to be
relevant" to the sameness and includedness analysis:


We acknowledge, for example, that other critical elements of an accusatory pleading,
such as time, place, identity, manner and means, although not statutory, are germane
to whether one offense includes another under Texas law and to whether several
offenses are the same for jeopardy purposes. [Citations omitted.] We likewise think
. . . that the essential elements relevant to a jeopardy inquiry are those of the charging
instrument, not of the penal statute itself. Statutory elements will, of course, always
make up a part of the accusatory pleading, but additional nonstatutory allegations are
necessary in every case to specify the unique offense with which the defendant is
charged.



Parrish, 869 S.W.2d at 354.

 J.H. cites Parrish to support his argument that a court is to look solely at the petition
to determine whether one offense is a lesser-included offense of another. In this vein, he argues,
because paragraph five alleged generally that J.H. "touched the genitals of D.H.," without specifying
the manner of the touching (i.e., with his fingers), that this allegation could be viewed on the face
of the petition as being a lesser-included offense of the allegation in paragraph four that J.H. "caused
D.H.'s sexual organ to touch his mouth." The argument is that the touching of D.H.'s genitals with
his mouth could also fall under the unspecified genital "touching" alleged in paragraph four. 
Although this is a tempting argument, Texas appellate courts have analyzed double-jeopardy issues
in the context of sexual-assault cases with a broader brush, considering not only the bare charging
instruments but, more importantly, the evidence adduced at trial. See Ochoa v. State, 982 S.W.2d
904, 908 (Tex. Crim. App. 1998); Hutchins, 992 S.W.2d at 633.

 In Ochoa, the court of criminal appeals looked to the evidence adduced at trial to
determine whether the appellant had committed two separate offenses or only one. It held that the
appellant's convictions for both aggravated sexual assault and indecency with a child by contact were
in error because "the evidence at trial show[ed] that only one offense was committed" when
appellant "put his thing in [the child's] butt." See Ochoa, 982 S.W.2d at 908 ("[A]ppellant was
shown in this case to have committed one act which could be subject to two different
interpretations."). The evidence was enough to convict for aggravated sexual assault, but because
the act of penetration was the only act committed by the appellant, indecency with the child by
contact was a lesser-included offense. Id.

 Similarly, in Hutchins, this Court looked to the evidence adduced at trial to determine
whether the appellant's double-jeopardy rights had been violated but, instead, concluded that they
had not. We held that when the evidence showed that appellant touched the child's genitals with his
fingers before he penetrated her with his penis, the indecency-with-a-child conviction was not a
lesser-included offense of the aggravated-sexual-assault conviction, despite the indictment's failure
to specify the manner of the appellant's touching:


If the evidence also showed that the only act of sexual contact committed by
appellant . . . was the contact incident to appellant's penetration of L.M. with his
penis, or if the court's jury charge had required the jury to find that appellant touched
L.M. with his penis, we would also agree with appellant that he could not be
convicted for both aggravated sexual assault and indecency with a child by contact.
See Ochoa, 982 S.W.2d at 907-08. But neither the evidence nor the charge was so
limited. L.M. testified that appellant touched her genitals with his fingers before
penetrating her with his penis. The jury charge, tracking the indictment, required the
jury to find only that appellant touched L.M.'s genitals with the requisite intent; the
charge did not require a finding that appellant touched L.M. with his penis. Although
the two acts were committed in close temporal proximity, appellant's touching of
L.M.'s genitals with his fingers was a separate and distinct act from his penetration
of her female sexual organ with his penis. Because appellant has not shown that his
conviction for indecency with a child by contact was based on the same conduct
underlying his conviction for aggravated sexual assault of a child, his contention that
these convictions constitute multiple punishments for the same offense is without
merit.



Hutchins, 992 S.W.2d at 633. Here, the evidence showed that J.H. touched D.H.'s genitals with his
fingers, a separate offense from causing her genitals to touch his mouth. Thus, J.H. has not shown
that his adjudication of guilt for the offense of indecency with D.H. by contact was based on the
same conduct underlying his offense for aggravated sexual assault against D.H. We conclude,
therefore, that Hutchins is directly on point, and we decide J.H.'s fifth point in accordance with
Ochoa's direction to look to the evidence adduced at trial. We overrule J.H.'s fifth point of error.


Harm analysis

 J.H. asserts that if we have found error in the disposition phase of his proceeding, we
must use the criminal-harm analysis of appellate rule of procedure 44.2 to review that error and
remand this cause for a new disposition hearing. See Tex. R. App. P. 44.1, 44.2; In re D.V., 955
S.W.2d 379, 380 (Tex. App.--San Antonio 1997, no writ) ("When the State proceeds with
determinate sentencing, the criminal-harm analysis applies, but when the State proceeds with
indeterminate sentencing, the civil-harm analysis applies."); In re D.Z., 869 S.W.2d 561, 565-66
(Tex. App.--Corpus Christi 1993, writ denied); see also In re L.R., 84 S.W.3d 701, 707 (Tex.
App.--Houston [1st Dist.] 2002, no pet.); In re K.W.G., 953 S.W.2d 483, 488 (Tex.
App.--Texarkana 1997, pet. denied). The State contends that, rather, the civil-harm analysis should
apply and that the error, if any, probably did not cause the rendition of an improper judgment. See
Tex. R. App. P. 44.1; In re C.P., 925 S.W.2d 151, 152 (Tex. App.--Austin 1996, pet. denied).

 The supreme court has determined that "[j]uvenile proceedings are quasi-criminal in
nature" but has not decided whether criminal rules for harm analysis should be applied on appeal.
See In re D.I.B., 988 S.W.2d 753, 756 (Tex. 1999) (applying civil-harm-analysis standard when
appellant did not challenge State's use of that standard and expressly reserving question of which
harm standard should apply). This Court has applied the civil-harm analysis to review error in a non-determinate-sentencing case. See In re C.P., 925 S.W.2d at 152. However, because of the quasi-criminal nature of juvenile proceedings and the possibility with a determinate sentence of
imprisonment that extends into adulthood, we agree with our sister courts in San Antonio, Corpus
Christi, Texarkana, and the First District in Houston that the criminal-harm analysis should govern
in juvenile appeals concerning the imposition of a determinate sentence. See Tex. R. App. P. 44.2.

 Under a criminal-harm analysis, constitutional error is governed by Rule 44.2(a), and
non-constitutional error is governed by 44.2(b). See id. J.H. relies on In re G.A.O. to ask that we
remand this cause for a new disposition hearing, insisting that it is impossible to tell whether the
offenses in paragraphs seven and ten contributed to the punishment. But In re G.A.O. involved a
fundamental constitutional right--appellant's adjudication for both an offense and a lesser-included
offense, violating double-jeopardy protections. See 854 S.W.2d 710, 716 (Tex. App.--San Antonio
1993, no writ). We have held that here there was no double-jeopardy violation. The only error we
have found in this case is the trial court's finding of true for paragraphs seven and ten, when J.H. had
established an affirmative defense to those charges. We hold that this error is non-constitutional. 
See Mauldin v. Texas State Bd. of Plumbing Exam'rs, 94 S.W.3d 867, 872 (Tex. App.--Austin 2002,
no pet.) (statutory affirmative defenses are not "enshrined as fundamental rights in the constitution"). 
Thus, we must disregard the error unless it "affect[s] substantial rights." See Tex. R. App. P.
44.2(b). A substantial right is affected when the error had a "substantial and injurious effect on the
jury's verdict." Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (citing King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). We must examine the record as a whole when
conducting a harm analysis. Id. A conviction for non-constitutional error will not be overturned if
an appellate court has "fair assurance that the error did not influence the jury, or had but a slight
effect." Id. (quoting Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

 From the record, we cannot conclude what effect, if any, these additional two findings
had on the court's imposition of a twenty-five-year determinate sentence. Although we can fairly
conclude that the findings did not contribute to the imposition of the determinate sentence itself,
because the aggravated sexual assault alone warranted such a disposition, we cannot satisfy ourselves
that the two additional findings did not contribute to the length of that sentence. It is possible that
the sentence is longer than it would have been had the findings as to paragraphs seven and ten been
stricken. We resolve such doubt in the juvenile's favor and remand for a new disposition hearing.

CONCLUSION


 We strike those portions of the adjudication order that find paragraphs seven and ten
of the petition true, modify the adjudication order accordingly, and affirm the order as modified. 
Because we cannot conclude what effect the additional two findings had on the length of J.H.'s
determinate sentence, we reverse the disposition order and remand this cause to the district court for
a new disposition hearing.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Modified and, as Modified, Affirmed in Part; Reversed and Remanded in Part

Filed: February 5, 2004

1. A determinate sentence places a juvenile under the custody and control of the Texas Youth
Commission with several possible outcomes: release with supervision from the Commission on the
juvenile's nineteenth birthday; transfer on the juvenile's twenty-first birthday to the pardons and
paroles division of the Texas Department of Criminal Justice to serve the remainder of the sentence
on parole; transfer at any time to the institutional division of the Texas Department of Criminal
Justice to serve the remainder of the determinate sentence; or release prior to completion of the
sentence. See Tex. Hum. Res. Code Ann. § 61.084 (West Supp. 2004). An indeterminate sentence,
on the other hand, commits a juvenile to the Commission until at most the juvenile's twenty-first
birthday. See id.

2. Indeed, in finding that J.H. established the affirmative defense as to paragraph eight, the
court implicitly found that J.H. had not used force when he allegedly caused S.H. to touch his penis,
despite the forensic interviewer's testimony.