**In the Matter of C.J.M.**

**No. 2–04–250–CV.**

Court of Appeals of Texas, Fort Worth.

June 16, 2005.

Joetta L. Keene, Arlington, for Appellant.

Tim Curry, Criminal District Atty., Charles M. Mallin, Danielle A. Legault, Alicia Cooper and Riley Shaw, Asst. Criminal District Attys, Fort Worth, for Appellee.

Panel A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Appellant C.J.M. pled true and was adjudicated delinquent based on his aggravated sexual assault of a child under fourteen years of age. Because he was subject to a determinate sentence, he elected to have a jury decide his disposition.[1] The jury assessed his disposition at ten years' commitment in the Texas Youth Commission with a possible transfer to the Institutional Division of the Texas Department of Criminal Justice,[2] and the trial court entered an order of commitment accordingly. Appellant brings one point on appeal, contending that the trial court abused its discretion by admitting evidence during the disposition phase of an extraneous unadjudicated offense Appellant allegedly committed against another child. Because we agree with Appellant that the trial court abused its discretion by admitting the extraneous evidence and that the evidence harmed him, we reverse the judgment on disposition and the order of commitment and remand this case for a new disposition hearing.

## BACKGROUND FACTS

Appellant pled true before a jury to the aggravated sexual assault of a seven-year-old girl, C.S. The jury found that he was delinquent. During the disposition phase, the State called L.J., a five-year-old girl, to the stand. Appellant timely objected to her testimony "based on 51.17 of the Texas Family Code, which specifically says that the Texas Rules of Evidence as well as Chapter 38 of the Code of Criminal Procedure appl[y]" and "that this is an alleged extraneous offense which is not allowed to be admitted into court." Appellant secured a running objection on these grounds to the child's testimony. The trial court admitted the evidence before the jury over Appellant's objection and without giving a timely limiting instruction. L.J., Appellant's cousin, ultimately testified that when she was four years old, Appellant penetrated her vaginally and anally with his penis. L.J.'s aunt and guardian, Brandy Broushard, confirmed that L.J. had made an outcry against Appellant and discussed the changes in L.J. that were allegedly related to Appellant's actions. Appel-

---

1. *See* TEX. FAM.CODE ANN. § 54.04(d)(3) (Vernon Supp.2004–05).

2. *See id.*

lant's counsel secured a running objection under Rule 404 to Broushard's testimony. The State questioned Appellant about the alleged extraneous act when he testified, resulting in his asserting his Fifth Amendment right not to incriminate himself before the jury. Evidence of other, less serious bad acts, adjudicated and unadjudicated, was also admitted but is not complained of here. The State relied on the evidence of the alleged aggravated sexual assault against L.J. in its closing argument. The limiting instruction in the charge provided that the jury should not consider the evidence of extraneous crimes or bad acts unless they had been proven beyond a reasonable doubt. Appellant timely appealed.

## EXTRANEOUS OFFENSE EVIDENCE AT DISPOSITION

As both parties point out, had Appellant been certified to stand trial as an adult, Article 37.07 of the Texas Code of Criminal Procedure would have governed. That statute allows the admission of,

> notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.[3]

But Chapter 37 of the Texas Code of Criminal Procedure is not applicable to juvenile proceedings.[4] The juvenile justice code expressly provides,

51.17. Procedure and Evidence

(a) Except for the burden of proof to be borne by the state in adjudicating a child to be delinquent or in need of supervision under Section 54.03(f) or otherwise when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under this title.

. . . .

(c) Except as otherwise provided by this title, the Texas Rules of Evidence applicable to criminal cases and Chapter 38, Code of Criminal Procedure, apply in a judicial proceeding under this title.[5]

Chapter 38 of the Texas Code of Criminal Procedure expressly allows evidence of an accused's extraneous offenses or acts against the same complainant in the case with which he is charged,[6] but the chapter does not address extraneous offense evidence involving a different complainant. The juvenile justice code does not otherwise speak to the issue before us. We therefore must resort to the Texas Rules of Evidence.[7]

As the State points out, Texas Rule of Evidence 404(b), which specifically governs the admissibility of extraneous offenses, does not speak to the admissibility of extraneous offenses in the punishment phase of criminal cases.[8] Rule 404(b) provides that

> [e]vidence of other crimes, wrongs or acts is not admissible to prove the char-

---

3. TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (Vernon Supp.2004–05).

4. *See* TEX. FAM.CODE ANN. § 51.17(c) (Vernon Supp.2004–05).

5. *Id.* § 51.17(a)(c).

6. *See* TEX.CODE CRIM. PROC. ANN. art. 38.37 (Vernon 2005).

7. *See* TEX. FAM CODE ANN. § 51.17.

8. *See Harrell v. State*, 884 S.W.2d 154, 166 n. 13 (Tex.Crim.App.1994); *Patton v. State*, 25 S.W.3d 387, 392 (Tex.App.-Austin 2000, pets. ref'd); *Ramirez v. State*, 967 S.W.2d 919, 923 (Tex.App.-Beaumont 1998, no pet.).

acter of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[9]

The State argues that there appears to be a gap in the statutory law and that we should fill the gap ourselves by applying Article 37.07 to determinate sentencing cases, not Rule 404(b), because juveniles who are subject to determinate sentencing commit "adult" crimes and should be treated like adults. But we cannot usurp the Texas Legislature's power.[10] Until the Texas Legislature or the Texas Supreme Court otherwise instructs us, we shall follow section 51.17 of the juvenile code and apply the rules of evidence applicable to criminal cases to issues of admissibility at the disposition phase of all juvenile cases. Rule 404(b) is applicable to criminal cases.[11]

At the time of the admission of the evidence, Appellant had already pled true to the allegations in the petition to adjudicate and had already been found delinquent by the jury. No exception under Rule 404(b) would allow the evidence about L.J. to come in, and, indeed, the State did not advance a Rule 404(b) exception for offering the evidence, either at trial or here. The only purpose for offering the evidence was to show that Appellant, while on probation, had sexually assaulted another young child just months earlier than the offense alleged in the petition to adjudicate. That is, the State wanted to show that Appellant was someone who would continue to sexually assault young girls unless he was confined—he would act in conformity with his character. We therefore hold that the trial court abused its discretion by admitting the evidence in violation of Rule 404(b).

## HARM ANALYSIS

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment. We agree with both parties and several of our sister courts that harm in juvenile appeals from determinate sentences should be analyzed under Rule 44.2.[12] Because the error is not constitutional,[13] we apply Rule 44.2(b) and disregard the error if it does not affect Appellant's substantial rights.[14] A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.[15]

9. TEX.R. EVID. 404(b).

10. *See Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex.2004) ("That does not give us the power (as the United State Supreme Court has stated) 'to legislate ... to fill any hiatus Congress has left.' ") (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 579, 99 S.Ct. 2479, 2491, 61 L.Ed.2d 82 (1979)).

11. *See, e.g., Johnston v. State*, 145 S.W.3d 215, 219 (Tex.Crim.App.2004).

12. *See* TEX.R.APP. P. 44.2, *In re J.H.*, 150 S.W.3d 477, 485 (Tex.App.-Austin 2004, pet. denied); *In re L.R.*, 84 S.W.3d 701, 707 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *In re D.V.*, 955 S.W.2d 379, 380 (Tex.App.-San Antonio 1997, no pet.); *In re K.W.G.*, 953

S.W.2d 483, 488 (Tex.App.-Texarkana 1997, pet. denied); *In re D.Z.*, 869 S.W.2d 561, 565–66 (Tex.App.-Corpus Christi 1993, writ denied).

13. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998).

14. TEX.R.APP. P. 44.2(b); *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); *Coggeshall v. State*, 961 S.W.2d 639, 642–43 (Tex. App.-Fort Worth 1998, pet. ref'd).

15. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim.App.1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239,

In making this determination, we review the record as a whole.[16]

The record shows that Appellant, sixteen years old at the time of trial, had been classified as mentally retarded since he was nine years old and functioned at the level of an eight-year-old. He had also been diagnosed as having bipolar, attention deficit hyperactivity, and oppositional/defiant disorders. His own upbringing had been marred by sexual and physical abuse, and the juvenile detention center nurse testified that he was scarred from head to foot.

At the time of the sexual assault of C.S., which involved oral-genital contact, vaginal and anal digital penetration, and anal penetration with his penis, Appellant was at the home of his mother, who allowed him to smoke marijuana and drink alcohol. He was also taking his prescription medications. He testified that at the time, he did not know his conduct was wrong or that he would get in trouble. Also, at the time of the offense, Appellant was on juvenile probation for theft, assault bodily injury, and burglary of a habitation. There was evidence that he was often hard to control, both in and out of institutional settings. None of these other extraneous offenses and bad acts, however, indicated that Appellant was a repeat sexual offender of young girls.

In his closing argument, the prosecutor emphasized the alleged sexual assault against L.J. as much, if not more than, the charged sexual assault against C.S., the theme of his argument being that Appellant could not help himself, that he would go on sexually assaulting little girls if not confined.

Based upon our review of all the evidence, as discussed above, we must conclude that the trial court's error in admitting the evidence about the alleged extraneous offense had a significant or injurious effect on the jury's verdict such that Appellant's substantial rights were affected.[17] We sustain Appellant's sole point.

## CONCLUSION

Having sustained Appellant's point, we reverse the disposition judgment and the order of commitment and remand this case to the trial court for a new trial on disposition.

LIVINGSTON, J. filed a concurring opinion.

TERRIE LIVINGSTON, Justice, concurring.

While I agree with the conclusion the majority opinion reaches, I respectfully write separately to make a couple of observations.

When a statute is clear and unambiguous, we "should give the statute its common meaning." *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997); *see also Sisk v. State*, 131 S.W.3d 492, 494 (Tex.Crim.App.2004); *Hernandez v. State*, 127 S.W.3d 768, 771 (Tex.Crim. App.2004). When language in a statute is unambiguous, we will seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *St. Luke's Episcopal Hosp.*, 952 S.W.2d at 505; *In re K.L.V.*, 109 S.W.3d 61, 65 (Tex.App.-Fort Worth 2003, pet. denied). We should not adopt a construction that would render a law or provision meaningless. *Centurion Planning Corp. v. Seabrook Venture II*, No. 01–02–00518–

---

1253, 90 L.Ed. 1557 (1946)); *Coggeshall*, 961 S.W.2d at 643.

**16.** *See Johnson*, 967 S.W.2d at 417.

**17.** *See Curtis v. State*, 89 S.W.3d 163, 170 (Tex.App.-Fort Worth 2002, pet. ref'd).

CV, 2004 WL 2823125, at *3 (Tex.App.-Houston [1st Dist.] Dec. 9, 2004, no pet. h.).

While I agree that there is a gap in the juvenile justice code's instructions to the courts on what additional rules of criminal procedure apply in a Title III action, I believe there are two justifications for reaching the conclusion that we reach today.

First, as observed by the majority, section 51.17(c) of the juvenile justice code tells us specifically that courts may apply and use chapter 38 of the code of criminal procedure in Title III cases. TEX. FAM. CODE ANN. § 51.17(c) (Vernon Supp.2004–05). Had the legislature so desired, it could have included a reference to chapter 37 of the code of criminal procedure as well, but it did not do so. Under the rules of statutory construction, we should not assume the omission was unintentional. *See Upjohn Co. v. Rylander*, 38 S.W.3d 600, 607 (Tex.App.-Austin 2000, pet. denied).

Second, we also know under rule of evidence 609(d) that in juvenile justice proceedings under Title III, evidence of prior juvenile adjudications are admissible in the limited situation in which the witness is a party. TEX.R. EVID. 609(d). This provision, not mentioned by appellant, the State, or the majority opinion, tells us that during a juvenile proceeding, evidence of prior juvenile adjudications against that particular juvenile are admissible to attack the juvenile's credibility if the juvenile testifies. *Id.* Thus, we have clear authority from the supreme court to admit prior juvenile adjudications of a witness/party during a pending juvenile proceeding of that witness/party, but not prior extraneous, unadjudicated offenses. In this case, had the extraneous offense testified to by L.J. been previously adjudicated against C.J.M., it would have been admissible to attack C.J.M.'s credibility. Since it had

not yet been pursued to an adjudication, it was not admissible.

I believe the unadjudicated offense was inadmissible for these additional reasons and therefore concur in the majority opinion and judgment.