

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00176-CV

IN THE MATTER OF X.J.T.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## DISSENTING OPINION

----------

I write separately in dissent because the State failed to prove X.J.T.'s statement was taken in compliance with Mississippi law.

Texas law governs the admissibility of evidence, including confessions. The applicable family code statute provides that for an out-of-state custodial statement made by a child to law enforcement to be admissible, it must be (1) voluntary, (2) electronically recorded, and (3) in compliance with the laws of the state in which the statement was taken.[1]

---

[1]Tex. Fam. Code Ann. § 51.095(b)(2)(B)(i) (West Supp. 2013).

The law of a sister state is presumed to be the same as Texas law unless the law of that state is proved or the trial court is asked to take judicial notice of the law.[2]

Effective March 1, 1998, the Texas Rules of Criminal Evidence and Texas Rules of Civil Evidence were merged to form the Texas Rules of Evidence.[3] Rule 202 of the rules of evidence provides that

> [a] court upon its own motion may, or upon the motion of a party shall, take judicial notice of the constitutions, public statutes, rules, regulations, ordinances, court decisions, and common law of every other state, territory, or jurisdiction of the United States. A party requesting that judicial notice be taken of such matter shall furnish the court sufficient information to enable it properly to comply with the request, and shall give all parties such notice, if any, as the court may deem necessary, to enable all parties fairly to prepare to meet the request. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken. Judicial notice of such matters may be taken at any stage of the proceeding. The court's determination shall be subject to review as a ruling on a question of law.[4]

As this court has explained,

> Under rule of evidence 202, a party may compel a trial court to take judicial notice of another state's law by filing a motion, giving notice to other parties, and furnishing the court with sufficient information to enable it to properly comply with the request. But when a party fails to request judicial notice of the law of another

---

[2]Tex. R. Evid. 202.

[3]*See Smith v. State*, 5 S.W.3d 673, 675 n.1 (Tex. Crim. App. 1999).

[4]Tex. R. Evid. 202.

2

state as permitted under Rule 202, Texas courts will simply presume that the law of the other state is identical to Texas law. A preliminary motion is necessary to assure the application of the law of another jurisdiction, and absent a motion by a party, Texas law may be applied to a dispute.[5]

Clearly X.J.T.'s statement did not comply with Texas law mandated by sections 51 and 52 of the family code regarding treatment of juveniles and taking statements of juveniles.[6] Instead, the evidence shows that he was placed in a cell with adults and treated as an adult. The question is whether anyone provided the trial court with Mississippi law and whether the trial court took judicial notice of that law.

The burden was not on the juvenile to prove Mississippi law.[7] Although the trial court may take judicial notice of foreign law sua sponte,[8] nothing in the record reflects that the trial court did so in this case. Consequently, the burden was on the State, the proponent of the statement, to prove that it was taken in compliance with Mississippi law and perforce, to prove or ask the trial court to

---

[5]*Burlington N. & Santa Fe Ry. Co. v. Gunderson, Inc.*, 235 S.W.3d 287, 290 (Tex. App.—Fort Worth 2007, pet. withdrawn) (citations and internal marks omitted).

[6]*See generally* Tex. Fam. Code Ann. §§ 51.01–.21, 52.01–.026 (West 2008 & Supp. 2013).

[7]*See* Tex. R. Evid. 202; *Coca-Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 695 (Tex. 2006); *Gunderson*, 235 S.W.3d at 290.

[8]Tex. R. Evid. 202.

take judicial notice of applicable Mississippi law.[9] Because the State did not prove Mississippi law and because there is no evidence that the trial court took judicial notice of Mississippi law sua sponte, the presumption that Mississippi law is the same as Texas law prevails. And the State failed to prove that X.J.T.'s statement was taken in compliance with Texas law. Consequently, the statement was not admissible at trial, and the trial court abused its discretion by admitting it. Applying the appropriate standard of review, I would hold that due to the statement's impact on the sufficiency of evidence, the statement's improper admission requires reversal.[10]

Because the majority does not so hold, I respectfully dissent.

/s/ Lee Ann Dauphinot

LEE ANN DAUPHINOT
JUSTICE

DELIVERED: February 27, 2014

---

[9] *See id.*

[10] *See* Tex. R. App. P. 44.2(b); *In re C.J.M.*, 167 S.W.3d 892, 895 (Tex. App.—Fort Worth 2005, pet. denied).