

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00104-CV
_____

IN THE MATTER OF L.M.P., A CHILD

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 11150-2-JV, Honorable Matthew H. Hand, Presiding

August 31, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

L.M.P., a juvenile, appeals from the order modifying disposition and committing him to the Texas Juvenile Justice Department (TJJD). We affirm.

**BACKGROUND**

In October of 2019, thirteen-year-old L.M.P. was adjudicated delinquent for committing the offenses of robbery, aggravated assault with a deadly weapon, and assault. The juvenile court placed him on probation in the home of his mother. Disposition was subsequently modified several times; L.M.P. was placed at the Floyd

County Parent Adolescent Center, the Youth Center of the High Plains, and again with his mother. In February of 2023, the State filed its final motion to modify disposition alleging four violations of the terms of his probation. L.M.P. pleaded true to all four allegations. The State recommended commitment to TJJD, while L.M.P. sought placement with his grandparents. The juvenile court found L.M.P. violated conditions of his probation and committed him to TJJD for an indeterminate period of time not to exceed the time when he shall be nineteen years old. L.M.P. brought this appeal.

## STANDARD OF REVIEW

The juvenile court's decision to modify a juvenile's disposition to commit him to the TJJD is discretionary and subject to review for an abuse of discretion. *In re J.P.*, 136 S.W.3d 629, 632 (Tex. 2004). The court does not abuse its discretion if some evidence supports its decision. *In re J.M.*, 287 S.W.3d 481, 486 (Tex. App.—Texarkana 2009, no pet.). A violation of a single condition of probation can be sufficient to modify a juvenile's disposition and send the juvenile to TJJD. TEX. FAM. CODE ANN. § 54.05(f); *In re R.L.*, No. 03-99-00334-CV, 2000 Tex. App. LEXIS 471, at *7 (Tex. App.—Austin Jan. 21, 2000, no pet.).

## ANALYSIS

L.M.P. raises two issues on appeal, asserting that the juvenile court abused its discretion by improperly admitting opinion testimony and hearsay. Any error in the admission of the objected-to evidence is reviewed under the civil harm analysis in Texas Rule of Appellate Procedure 44.1(a). *See In re D.V.*, 955 S.W.2d 379, 380 (Tex. App.—San Antonio 1997, no pet.) (when State proceeds with indeterminate sentencing in

juvenile proceeding, we review disposition with civil harm analysis).  Therefore, even if the court abused its discretion in admitting certain evidence, we must ask whether the admission "probably caused the rendition of an improper [order]."  TEX. R. APP. P. 44.1(a)(1).

L.M.P.'s first issue arises from testimony given by the juvenile probation officer who worked with L.M.P.  He testified about L.M.P.'s dangerous behaviors, "chronic persistency of juvenile delinquency," additional referrals to the juvenile system, failure to attend school, and failure to report to the probation department.  The officer was then asked if public safety would be increased if L.M.P. were committed to TJJD.  L.M.P.'s counsel objected that the question called for speculation, but the juvenile court overruled the objection.  The officer then answered the question with a "Yes."  L.M.P. argues that the officer was not qualified to offer this opinion testimony and that its admission into evidence was an abuse of discretion.

Even if we assume that it was error to admit this portion of the officer's testimony, our review of the record shows that any such error was harmless.  L.M.P. had, by his own admission, committed three serious offenses and repeatedly failed to abide by the conditions of his probation, including by failing to report to the probation department and failing to attend school as directed for a fifteen-month period.  The evidence presented showed that previous efforts to keep L.M.P. at home had been unsuccessful and that L.M.P. was unlikely to accept supervision by his grandparents.  Considering the record as a whole, we conclude that the admission of the officer's statement did not cause the rendition of an improper order.  *See In re D.V.*, 955 S.W.2d at 380 (disregarding error that

3

did not probably cause rendition of improper judgment). Therefore, we overrule L.M.P.'s first issue.

In his second issue, L.M.P. contends that the juvenile court abused its discretion by improperly admitting hearsay. At the hearing, the probation officer was asked, "What happened in [L.M.P.'s] case with the one incident he's had since January?" Counsel for L.M.P. raised a hearsay objection, to which the State stated, "Your Honor, the part that's business records – and he has obviously qualified, through the business-records exception, the ability to talk about them." The juvenile court overruled the objection. The officer then briefly described an incident at the youth center during which L.M.P. had to be restrained and then threatened that he would slap staff members when he was released. The incident resulted in an administrative disciplinary seclusion.

Even if we were to assume, without deciding, that the juvenile court erred in admitting the complained-of testimony, L.M.P. has not demonstrated that he has been harmed by the alleged error. *See* TEX. R. APP. P. 44.1. As set forth above, even without the statement about L.M.P.'s most recent incident, there was an abundance of evidence to support the juvenile court's findings that L.M.P. violated reasonable and lawful orders of the court, is in need of rehabilitation, and that commitment to TJJD is appropriate. Thus, any error in admitting this testimony does not constitute reversible error. *See In re A.W.*, 661 S.W.3d 547, 552 (Tex. App.—Houston [14th Dist.] 2023, pet. denied) (erroneous admission of evidence warrants reversal only if error probably caused rendition of improper judgment). We overrule L.M.P.'s second issue.

4

**CONCLUSION**

For the foregoing reasons, we affirm the order of the juvenile court.

Judy C. Parker
Justice

5