**In the Matter of C.P.**

**No. 03–95–00523–CV.**

Court of Appeals of Texas,
Austin.

June 19, 1996.

Rehearing Overruled July 31, 1996.

Linda Icenhauer–Ramirez, Icenhauer–Ramirez & Hubner, P.C., Austin, for appellant.

Ronald Earle, District Attorney, C. Bryan Case, Jr., Assistant District Attorney, Austin, for appellee.

Before POWERS, JONES and B.A. SMITH, JJ.

POWERS, Justice.

Upon a jury's verdict, the trial court determined that C. P., a minor, engaged in delinquent conduct by committing the offenses of aggravated sexual assault, indecency with a child by contact, and indecency with a child by exposure. *See* Tex. Penal Code Ann. §§ 22.021, 21.11 (West 1994 & Supp.1996). After a separate hearing, the court ordered C.P. committed for an indefinite period to the care, custody, and control of the Texas Youth Commission. *See* Tex. Fam.Code Ann. §§ 51.03, 54.04 (West 1996). C.P. appeals. We will modify the adjudication order, affirm

32. *Id.*

it as modified, and affirm the disposition order.

## THE CONTROVERSY

■ The State concedes C. P.'s points of error contending the adjudication order was erroneous with respect to the two indecency-with-a-child offenses, which under the circumstances of the case were lesser-included offenses of aggravated sexual assault.[1] *See Parrish v. State,* 869 S.W.2d 352, 354 (Tex. Crim.App.1994). We therefore vacate the two indecency-with-a-child adjudications and modify the adjudication order accordingly. *See G.A.O. v. State,* 854 S.W.2d 710, 715 (Tex.App.—San Antonio 1993, no writ). In ordering C.P. committed to the care, custody, and control of the Commission for an indeterminate period, the disposition order does not distinguish between the three offenses named in the adjudication order.[2] C.P. contends the appellate record will not support a determination, beyond a reasonable doubt, that the two adjudications of indecency-with-a-child made no contribution to the disposition ordered by the trial court. *See* Tex. R.App. Proc. 81(b)(2). We must, he argues, reverse the disposition order and remand the cause to the trial court for a new disposition hearing. We disagree that Rule 81(b)(2) is the measure of our appellate review.

## DISCUSSION AND HOLDINGS

■ We hold the appeal is governed by Texas Rule of Appellate Procedure 81(b)(1), a rule that applies in the appellate review of civil cases, and not by 81(b)(2) which governs criminal-case appeals. *See* Tex. Fam.Code Ann. § 51.13 (juvenile-justice system is non-criminal process); § 51.17 (rules of civil procedure govern juvenile-justice system except when in conflict with Family Code); § 56.01 (appeals in juvenile-justice system are "as in civil cases generally") (West 1996). Rule 81(b)(1) prohibits our reversing the disposition order unless we believe the trial-court error respecting the two indecency-with-a-child offenses "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper [disposition order] or was such as probably prevented appellant from making a proper presentation of the case" on appeal. Tex.R.App. P. 81(b)(1). We cannot conclude as much from the appellate record.

As required by section 54.04(f) of the Family Code, the trial judge set out in the disposition order her reasons for assigning C.P. to the care, custody, and control of the Commission. Those reasons were as follows: (1) C.P. will not accept parental supervision and has demonstrated a disregard for all authority; (2) C.P. cannot receive at home the care, support, and supervision necessary to meet any conditions of probation; (3) all reasonable efforts have been made previously to make it possible for C.P. to return home and to remain there; (4) local resources are inadequate to meet C. P.'s needs and to protect the public; and (5) C. P.'s best interest and that of the public require that he be assigned to the Commission. The evidence justifies these trial-court findings.[3] They cannot rea-

---

1. C.P. does not challenge the sufficiency of the evidence concerning the offense of aggravated sexual assault.

2. The trial judge was free, in her discretion, to order C.P. placed on probation in his home or outside his home, or to assign him to the care, custody, and control of the Texas Youth Commission for a determinate or an indeterminate period ending before his twenty-first birthday. *See* Tex. Fam.Code Ann. § 54.04(d)(2) (West 1996). The trial judge chose an indeterminate period in the Commission, the actual length of which will depend upon C. P.'s behavior or progress in that institution. C.P. was fifteen years of age when the disposition was ordered.

3. The evidence showed that C.P. had physical altercations with some 75 children and ten adults before the disposition hearing. While detained at a juvenile facility in the present case, he threatened to kill staff members. A social worker and licensed "clinical practitioner" testified that C.P. suffers in her opinion from a "severe explosive disorder" that would make him ineligible for in-patient sex-offender treatment at her facility; other evidence showed that C.P. could probably not receive treatment at another such facility. Like C. P., his family deny that he sexually assaulted the infant left in his care, making it unlikely that assigning him to the care, custody, and control of his family would change his behavior. Other evidence showed affirmatively that he required the regimented guidance and psychological counseling provided by the Texas Youth Commission.

sonably be viewed as dependent in any degree upon the two indecency-with-a-child offenses which were erroneously carved from the same episode in which the aggravated sexual assault occurred. Accordingly, we may not say the carving error probably caused rendition of an improper disposition order or prevented a proper appeal.

For the reasons given, we modify the adjudication order to vacate the two indecency-with-a-child offenses, affirm that order as modified, and affirm the disposition order.