TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00520-CR







Roy Torres, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0975467, HONORABLE MICHAEL F. LYNCH, JUDGE PRESIDING







 Appellant Roy Torres was convicted of the offenses of aggravated sexual assault
of a child and of indecency with a child both by contact and by exposure. See Tex. Penal Code 
Ann. §§ 21.11, 22.021 (West 1994 & Supp. 1999). The court assessed appellant's punishment,
enhanced by a prior felony conviction, for aggravated sexual assault of a child at imprisonment
for life, for indecency with a child by contact at imprisonment for life, and for indecency with a
child by exposure at imprisonment for twenty years.

 On appeal, appellant asserts that his convictions for indecency with a child violate
both the federal and state constitutional double-jeopardy provisions, that the evidence is
insufficient to sustain his conviction for indecency with a child by exposure, and that inadmissible
evidence was erroneously admitted. We will sustain appellant's points of error relating to his
conviction for indecency with a child by exposure and reverse the judgment for that offense, but
we will overrule his points of error relating to aggravated sexual assault of a child and indecency
with a child by contact and affirm the trial court's judgments relating to those offenses.

 In count one of the indictment, it was alleged that on February 1, 1997, appellant
knowingly and intentionally penetrated the female sexual organ of a child younger than fourteen
years of age with his sexual organ and that he caused the sexual organ of the child to contact his
sexual organ. In count two of the indictment, it was alleged that on February 1, 1997, appellant
knowingly and intentionally touched the genitals of a child younger than seventeen years of age
not his spouse and caused the child to touch his genitals with the intent to arouse and gratify his
sexual desire. In count three of the indictment, it was alleged that on February 1, 1997, appellant
knowingly and intentionally exposed his genitals to the child knowing that a child younger than
seventeen years of age, who was not his spouse, was present, with the intent to arouse and gratify
his sexual desire.

 Appellant was convicted of and punished for all three counts. Appellant contends
that all counts were based on the same offense occurring on the same day. Therefore, he argues
the convictions for counts two and three were for lesser included offenses to that charged in count
one. Appellant further argues that his punishment for counts two and three would be punishment 
for the same offense as alleged in count one, and that the punishment for the indecency counts
would violate the double-jeopardy provisions against multiple punishment of the federal and state
constitutions. Appellant relies upon Ochoa v. State, 982 S.W.2d 904 (Tex. Crim. App. 1998),
and In re C.P., 925 S.W.2d 151 (Tex. App.--Austin 1996, writ denied). In Ochoa, the Court of
Criminal Appeals "conclude[d] the evidence indicates appellant only committed one offense
against C.P. on June 16th." Ochoa, 982 S.W.2d at 907. In C.P., this Court stated: "The State
concedes C.P.'s points of error contending the adjudication order was erroneous with respect to
the two indecency-with-a-child offenses, which under the circumstances of the case, were lesser-included offenses of aggravated assault." C.P., 925 S.W.2d at 152.

 The facts in this case are different from those in the cases relied upon by appellant. 
In those cases, there was but one offense; in this case, there were two separate offenses. The
victim's video-taped interview admitted in evidence, the testimony of the victim's older sister, the
victim's grandmother's outcry witness testimony, and the testimony of the physician who
examined the victim all support appellant's conviction of count one. This evidence shows that
appellant with his sexual organ penetrated the sexual organ of the victim while they were on a bed
in the appellant's bedroom.

 At another time, in another place, appellant placed his sexual organ in the mouth
of the victim. Although the offense occurred on the same day as the offense alleged in count one,
the victim testified that appellant put his private part in her mouth while they were "in the back"
watching a movie on television. They were on a blanket on a couch. The victim immediately told
her mother of this incident, and the appellant assaulted her mother. Appellant's mother was not
a witness and did not testify about this offense. The victim made an outcry about this offense to
her grandmother, and the grandmother testified the victim told her of this offense. This evidence
supports appellant's conviction and punishment on count two. The record shows that count one
and count two were based on separate offenses. Therefore, punishment for both offenses did not
amount to double punishment for the same offense. See Vick v. State, 991 S.W.2d 830 (Tex.
Crim. App. 1999); Hutchins v. State, 992 S.W.2d 629 (Tex. App.--Austin 1999, no pet.); David
v. State, 828 S.W.2d 239 (Tex. App.--Dallas 1991, no pet). Appellant's first and second points
of error are overruled.

 The State on appeal concedes that the conviction and punishment for count three
should be vacated. Therefore, we will order reversal of the judgment and vacate appellant's
conviction and punishment under count three, even though we may have reservations concerning
the State's concession. Appellant's third and fourth points of error are sustained.

 In his fifth point of error, appellant insists that the evidence is insufficient to
support his conviction for indecency with a child by exposure. The State has conceded and we
have held that appellant's conviction is double jeopardy barred; he could not be again prosecuted
for that offense. Therefore, it is unnecessary for us to determine whether the evidence is
sufficient to support that conviction.

 In his sixth point of error, appellant asserts that the trial court erred in admitting
in evidence a video-taped interview of the victim because it was not shown that the requirements
of section 5(a)(4), (6), (10), and (11) of article 38.071 of the Code of Criminal Procedure had
been met. The Code of Criminal Procedure in pertinent part provides:


Sec. 5.  (a)  On the motion of the attorney representing the state or the attorney
representing the defendant and on a finding by the trial court that the following
requirements have been substantially satisfied, the recording of an oral statement
of the child made before a complaint has been filed or an indictment returned
charging any person with an offense to which this article applies is admissible into
evidence if:



* * *



(  4) the statement was not made in response to questioning calculated to lead the
child to make a particular statement;


* * *



(  6) the person conducting the interview of the child in the recording is expert in
the handling, treatment, and investigation of child abuse cases, present at the
proceeding, called by the state as part of the state's case in chief to testify at
trial, and subject to cross-examination;


* * *



(10) before giving his testimony, the child was placed under oath or was otherwise
admonished in a manner appropriate to the child's age and maturity to testify
truthfully;


(11) the court finds from the recording or through an in camera examination of the
child that the child was competent to testify at the time that the recording was
made;


* * *




Tex. Code Crim. Proc. Ann. art. 38.071, § 5(a)(4), (6), (10), (11) (West Supp. 1999).

 The trial court considered and ruled on appellant's trial objection as follows:


THE COURT: Excuse me, 4, 6, 10 and 11 on the grounds set out therein. And
10 and 11 sort of wrapped up that the child was not properly qualified and was in
fact incompetent to testify on that tape. Does that summarize accurately your
objections to the admissibility of this videotape?


[DEFENSE COUNSEL]:  Yes, sir, Your Honor.


THE COURT:  All right. The Court finds that the state has, based on the
testimony today and yesterday, laid a proper predicate for the admissibility of the
videotape, including the requirements of Article 38.07(1) Section 5(a), 1 through
12, and specifically Sections 4, 6, 10 and 11. The questions, the Court finds, are
not unreasonable, leading or suggestive, given the circumstances involved and the
age of the alleged victim, and did not lead the child to make any specific statements
that would be in violation of that provision of the statute.


The person conducting the interview, the Court finds, was for purposes of this
statute trained as an expert and called and available as a witness and is here to
testify both on direct and cross-examination today.


While the alleged child victim was not placed under oath due to the very young age
of the witness, the Court believes the procedure followed was substantially in
compliance with requirements of A-10 of that statute. The order might have been
a little different, but when it's all put together and viewed in its totality, the Court
finds that the child was sufficiently admonished to meet the requirements of the
statute.


After viewing the tape and hearing the child's live testimony yesterday and
observing the demeanor of the child, both on the tape and in the courtroom, and
the give and take of the questions and answers on the tape, the Court finds that the
witness is competent to testify.


There was some question as to whether or not she -- well, it's not a question. She
did answer some questions incorrectly on there concerning her shoes. Whether
those questions were designed properly is an open question, but she preceded all
that by saying that she understood that what she said had to be real.


When you put all that together, the way she expressed herself in the interview, the
Court believes that under the totality of the circumstances, she's competent and
was competent at that time to testify.


The Court has now made specific findings concerning all the objections made, and
the court has at this time considered all the relevant factors covered by this statute
in ruling that the video is admissible.



 We have reviewed the record including the video-taped interview and find that the
record supports the trial court's findings and the court's ruling admitting in evidence the video-taped interview. Appellant's sixth point of error is overruled.

 In his seventh point of error, appellant argues that the trial court erroneously
admitted evidence of an extraneous offense. In the part of the record to which appellant has
directed our attention, we find no trial objection relating to this matter complained of on appeal. 
Therefore, this matter was not preserved for appellate review. See Tex. R. App. P. 33.1. 
Appellant's seventh point of error is overruled.

 The judgment of conviction for indecency with a child by exposure is reversed, and
that cause is dismissed. The judgments of conviction for the offense of aggravated sexual assault
of a child and for indecency with a child by contact are affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Affirmed in Part; Reversed and Dismissed in Part

Filed: November 30, 1999

Do Not Publish








* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



proper predicate for the admissibility of the
videotape, including the requirements of Article 38.07(1) Section 5(a), 1 through
12, and specifically Sections 4, 6, 10 and 11. The questions, the Court finds, are
not unreasonable, leading or suggestive, given the circumstances involved and the
age of the alleged victim, and did not lead the child to make any specific statements
that would be in violation of that provision of the statute.


The person conducting the interview, the Court finds, was for purposes of this
statute trained as an expert and called and available as a witness and is here to
testify both on direct and cross-examination today.


While the alleged child victim was not placed under oath due to the very young age
of the witness, the Court believes the procedure followed was substantially in
compliance with requirements of A-10 of that statute. The order might have been
a little different, but when it's all put together and viewed in its totality, the Court
finds that the child was sufficiently admonished to meet the requirements of the
statute.


After viewing the tape and hearing the child's live testimony yesterday and
observing the demeanor of the child, both on the tape and in the courtroom, and
the give and take of the questions and answers on the tape, the Court finds that the
witness is competent to testify.


There was some question as to whether or not she -- well, it's not a question. She
did answer some questions incorrectly on there concerning her shoes. Whether
those questions were designed properly is an open question, but she preceded all
that by saying that she understood that what she said had to be real.


When you put all that together, the way she expressed herself in the interview, the
Court believes that under the totality of the circumstances, she's competent and
was competent at that time to testify.


The Court has now made specific findings concerning all the objections made, and
the court has at this time considered all the relevant factors covered by this statute
in ruling that the video is admissible.



 We have reviewed the record including the video-taped interview and find that the
record supports the trial court's findings and the court's ruling admitting in evidence the video-taped interview. Appellant's sixth point of error is overruled.

 In his seventh point of error, appellant argues that the trial court erroneously
admitted evidence of an extraneous offense. In the part of the record to which appellant has
directed our attention, we find no trial objection relating to this matter complained of on appeal. 
Therefore, this matter was not preserved for appellate review. See Tex. R. App. P. 33.1. 
Appellant's seventh point of error is overruled.

 The judgment of conviction for indecency with a child by exposure is reversed, and
that cause is dismissed.