# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

**NO. 03-03-00197-CV**

**In the Matter of J. H.**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-19,359, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

## O P I N I O N

J.H. appeals his delinquent-child adjudication and disposition after the trial court found he had engaged in the following delinquent conduct: aggravated sexual assault, indecency with a child by contact, and indecency with a child by exposure. *See* Tex. Pen. Code Ann. § 22.021 (West 2003), § 21.11 (West Supp. 2004). After the disposition hearing, the court ordered J.H. committed to the Texas Youth Commission for a determinate period of twenty-five years. *See* Tex. Fam. Code Ann. §§ 51.03, 54.04 (West Supp. 2004). Because we hold that the trial court improperly found two of the counts to be true when J.H. had established an affirmative defense to them, we will modify the adjudication order, affirm it as modified, and remand the cause for a new disposition hearing.

## BACKGROUND

After waiving his right to a trial by jury, J.H. was tried in a bench trial for nine counts of alleged delinquent conduct—aggravated sexual assault, indecency with a child by contact, and

indecency with a child by exposure—committed against his three younger sisters, S.H., D.H., and L.H. *See* Tex. Pen. Code Ann. §§ 22.021, 21.11. The trial court found the following six paragraphs of the petition to be true and adjudicated J.H. delinquent accordingly: paragraphs three and four, alleging aggravated sexual assault against D.H.; paragraph five, alleging indecency with D.H. by contact; paragraph seven, alleging indecency with S.H. by contact; paragraph ten, alleging indecency with S.H. by exposure; and paragraph eleven, alleging indecency with L.H. by exposure. *See* Tex. Fam. Code Ann. § 51.03. The court also determined that J.H. had committed a violation of a penal law listed in section 53.045(a) of the family code. *See id.* § 53.045(a) (West 2002) (including aggravated sexual assault under penal code section 22.021 and indecency by contact under penal code section 21.11(a)(1)); Tex. Pen. Code Ann. §§ 21.11(a)(1), 22.021. The court then conducted a disposition hearing to determine J.H.'s punishment. The court found that J.H. was in need of rehabilitation and that it would be in his best interest to be committed to the care, custody, and control of the Texas Youth Commission. Because the trial court found that J.H. engaged in a violation of the offense of aggravated sexual assault, the court committed him to the Texas Youth Commission for a determinate sentence of twenty-five years.[1]  *See* Tex. Fam. Code Ann. § 54.04(d)(3) (West Supp. 2004); Tex. Hum. Res. Code Ann. § 61.084 (West Supp. 2004).

---

[1] A determinate sentence places a juvenile under the custody and control of the Texas Youth Commission with several possible outcomes: release with supervision from the Commission on the juvenile's nineteenth birthday; transfer on the juvenile's twenty-first birthday to the pardons and paroles division of the Texas Department of Criminal Justice to serve the remainder of the sentence on parole; transfer at any time to the institutional division of the Texas Department of Criminal Justice to serve the remainder of the determinate sentence; or release prior to completion of the sentence. *See* Tex. Hum. Res. Code Ann. § 61.084 (West Supp. 2004). An indeterminate sentence, on the other hand, commits a juvenile to the Commission until at most the juvenile's twenty-first birthday. *See id.*

In five points of error, J.H. appeals his adjudication for several of the offenses and the imposition of the twenty-five-year determinate sentence, arguing that the trial court erred by (1) assessing a determinate sentence after finding that he committed the offense of indecency with a child by exposure because that offense is not one for which a determinate sentence can be imposed; (2) finding that he committed the offense of indecency with S.H. by contact because he had established an affirmative defense to that charge; (3) finding that he committed the offense of indecency with S.H. by exposure because he had established an affirmative defense to that charge; (4) finding that he had committed the offense of indecency with D.H. by contact because the charge, as pled in the petition, is a lesser-included offense of aggravated sexual assault, and thus his rights have been violated under the Texas Constitution's protections against double jeopardy; and (5) finding that he had committed the offense of indecency with D.H. by contact because the charge, as pled in the petition, is a lesser-included offense of aggravated sexual assault, and thus his rights have been violated under the United States Constitution's protections against double jeopardy.

**DISCUSSION**

*Determinate sentence*

In his first point of error, J.H. argues that the trial court erred in assessing a determinate sentence after finding that he engaged in two counts of indecency with a child by exposure because that offense is not among the listed offenses for which a determinate sentence can be ordered. *See* Tex. Fam. Code Ann. § 53.045(a). The offenses for which a determinate sentence can be imposed include the following: aggravated sexual assault under penal code section 22.021 and indecency with a child by contact under penal code section 21.11(a)(1). *See id.*; Tex. Pen. Code

3

Ann. §§ 21.11(a)(1), 22.021. Although we agree with J.H. that the offense of indecency with a child by exposure is not among the listed offenses, both of the other offenses for which he was adjudicated—aggravated sexual assault and indecency with a child by contact—are listed in section 53.045(a) of the family code, allowing for a determinate sentence:

> [I]f the court or jury found at the conclusion of the adjudication hearing that the child engaged in delinquent conduct that included a violation of a penal law listed in Section 53.045(a) . . . the court or jury may sentence the child to commitment in the Texas Youth Commission with a possible transfer to the institutional division or the pardons and paroles division of the Texas Department of Criminal Justice for a term of: (A) not more than 40 years if the conduct constitutes: . . . a felony of the first degree.

Tex. Fam. Code Ann. § 54.04(d)(3). Based on a plain reading of the statute, we conclude that even one violation of one penal law listed in section 53.045(a) of the family code is sufficient for the imposition of a determinate sentence. Here, J.H. was found to have engaged in both aggravated sexual assault and indecency with a child by contact, both of which are listed in section 53.045(a). *See* Tex. Pen. Code Ann. § 53.045(a). That he also engaged in another offense—one not listed in section 53.045(a)—does not prohibit the assessment of a determinate sentence. We overrule J.H.'s first point.

### Affirmative defense

In points of error two and three, J.H. argues that the trial court erred in finding that he had committed the offenses in paragraphs seven and ten of the petition, alleging indecency with a child by contact and by exposure as to S.H., because the evidence established an affirmative defense to those offenses. A defendant must prove an affirmative defense by a preponderance of the

evidence. *Id.* § 2.04(d) (West 2003). When a court of appeals is asked to consider whether an appellant has proven an affirmative defense at trial, "the correct standard of review is whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust." *Meraz v. State*, 785 S.W.2d 146, 154-55 (Tex. Crim. App. 1990). It is an affirmative defense to the offense of indecency with a child if the evidence establishes that the actor:

(1) was not more than three years older than the victim and of the opposite sex;

(2) did not use duress, force, or a threat against the victim at the time of the offense; and

(3) at the time of the offense:

(a) was not required under Chapter 62, Code of Criminal Procedure, to register for life as a sex offender; or

(b) was not a person who under Chapter 62 had a reportable conviction or adjudication for an offense under this section.

Tex. Pen. Code Ann. § 21.11(b). J.H. first contends that because the court made a finding that he had established the defense as to paragraph eight of the petition, which alleged indecency with S.H. by contact by causing S.H. to touch J.H.'s genitals, the first and third elements of the defense should also be applied to paragraphs seven and ten, which also alleged indecency by contact with S.H. and only differed in the manner and means alleged. We agree.

After closing arguments, the trial court made the finding that the affirmative defense had been established as to paragraph eight and did not, therefore, adjudicate J.H. for that offense. The first element of the affirmative defense—going to the age difference between J.H. and

5

S.H.—and the third element—whether J.H. was a sex offender or had a prior reportable adjudication for indecency with a child—are not offense-specific. Therefore, if J.H. met his burden as to these two elements of the affirmative defense for one allegation of indecency with S.H., then he met his burden on the two elements as to any other allegations of indecency with that same child. Thus, we must consider the evidence in the record on the second element, the use of force or threat. If the failure to find on this element of the affirmative defense for paragraphs seven and ten was "so against the great weight and preponderance of the evidence as to be manifestly unjust," *Meraz*, 785 S.W.2d at 154-55, then we must strike the findings of true for those offenses.

As to the allegation in paragraph seven, that J.H. touched the breast of S.H., the State cites the following evidence in the record as supporting the use of force by J.H.: that he took her shirt, lifted it up, and stuck his hand under it; that he "touched the things a lady has [her breasts], and then he kissed [her] on the lips"; that he "just grabbed [her] arms and kissed [her]"; and that she told him she did not want him to kiss her. It is not clear from the evidence in the record whether J.H.'s alleged kissing of S.H. occurred as part of the same incident as the alleged touching of her breasts, but likely it did not because the alleged kissing appears to have occurred in the children's living room, while the breast-touching occurred in J.H.'s room. Additionally, a forensic interviewer at the Children's Advocacy Center testified that S.H. had told her J.H. had taken her hand, made her put it on his penis, and had moved her hand along his penis. It is also not clear from the record whether this was connected with the breast-touching incident. Evidence cited by J.H. consists of S.H.'s testimony that J.H. had never forced her to comply with his requests; that she complied because he promised to give her candy if she did so; and that one time when she said "no" to a request, he left

6

her alone. Taken together, we conclude that this evidence does not indicate that any force or threat was used when J.H. allegedly touched S.H.'s breasts. Although a fact-finder could reasonably conclude that force might have been used when J.H. kissed S.H. or caused her to touch his penis,[2] the evidence is too attenuated to extrapolate that force was used with respect to the breast-touching incident. Except for J.H.'s alleged lifting of S.H.'s shirt, there is no evidence of any force, and we conclude that lifting a shirt, alone, does not constitute the use of force or threat. We hold that J.H. established the affirmative defense as to this offense, sustain his second point, and strike the trial court's finding of true as to paragraph seven.

Unlike the offense in paragraph seven, the State does not cite any evidence in the record to support the use of force by J.H. with respect to paragraph ten, alleging that J.H. exposed his genitals in S.H.'s presence, and we have found none in our review. We therefore hold that the failure to find that J.H. had established an affirmative defense for paragraph ten was "so against the weight and preponderance of the evidence as to be manifestly unjust" and accordingly sustain J.H.'s third point. The trial court erred in finding that J.H. committed this offense, and we strike the court's finding of true as to paragraph ten.

### Double jeopardy

In points of error four and five, J.H. asserts that his federal and state constitutional rights not to be put into jeopardy more than once for the same criminal act of conduct were violated by the trial court's finding of true for the offenses of aggravated sexual assault as to D.H. and

---

[2] Indeed, in finding that J.H. established the affirmative defense as to paragraph eight, the court implicitly found that J.H. had not used force when he allegedly caused S.H. to touch his penis, despite the forensic interviewer's testimony.

indecency with a child by exposure as to the same child. *See* U.S. Const. amends. V, XIV; Tex. Const. art. I, § 14; *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989) (constitutional prohibition against double jeopardy protects against second prosecution for same offense after either conviction or acquittal and multiple punishments for same offense). J.H. does not separately argue the state and federal constitutional claims or argue that the Texas double-jeopardy clause differs in any significant way from the Fifth Amendment. We therefore overrule point of error four—the state claim—and will consider the double-jeopardy issue under the federal constitution. *Hutchins v. State*, 992 S.W.2d 629, 630 (Tex. App.—Austin 1999, pet. ref'd) (citing *Queen v. State*, 940 S.W.2d 781, 783 (Tex. App.—Austin 1997, pet. ref'd)).

The principal test for determining whether two offenses are the same for the purposes of double jeopardy were set out by the U.S. Supreme Court in *Blockburger v. United States*:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. 299, 304 (1932). Greater and lesser included offenses are the "same" offense for double-jeopardy purposes. *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994) (citing *Brown v. Ohio*, 432 U.S. 161, 169 (1977)). Texas law describes "includedness" in much the same way that *Blockburger* describes "sameness." *Id.* In Texas, an offense is considered to be included within another if, among other things, "it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged." Tex. Code Crim. Proc. Ann. art.

8

37.09(1) (West 1981); *Parrish*, 869 S.W.2d at 354.  With respect to sexual offenses, the Texas Court of Criminal Appeals has determined that the legislature intended to punish separate acts, even though such acts might be in close temporal proximity, and has rejected grouping aggravated sexual assaults "by transaction."  *See Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999).  Thus, sexual offenses that involve separate acts, even though they fall under the same statute, are not considered the "same" offense under the *Blockburger* test because they do not involve the same conduct.  *Id.* The court of criminal appeals has "long considered more than merely statutory elements to be relevant" to the sameness and includedness analysis:

> We acknowledge, for example, that other critical elements of an accusatory pleading, such as time, place, identity, manner and means, although not statutory, are germane to whether one offense includes another under Texas law and to whether several offenses are the same for jeopardy purposes. [Citations omitted.] We likewise think . . . that the essential elements relevant to a jeopardy inquiry are those of the charging instrument, not of the penal statute itself.  Statutory elements will, of course, always make up a part of the accusatory pleading, but additional nonstatutory allegations are necessary in every case to specify the unique offense with which the defendant is charged.

*Parrish*, 869 S.W.2d at 354.

J.H. cites *Parrish* to support his argument that a court is to look solely at the petition to determine whether one offense is a lesser-included offense of another.  In this vein, he argues, because paragraph five alleged generally that J.H. "*touched* the genitals of D.H.," without specifying the manner of the touching (*i.e.*, with his fingers), that this allegation could be viewed on the face of the petition as being a lesser-included offense of the allegation in paragraph four that J.H. "caused D.H.'s sexual organ to touch his mouth."  The argument is that the touching of D.H.'s genitals with

9

his mouth could also fall under the unspecified genital "touching" alleged in paragraph four. Although this is a tempting argument, Texas appellate courts have analyzed double-jeopardy issues in the context of sexual-assault cases with a broader brush, considering not only the bare charging instruments but, more importantly, the evidence adduced at trial. *See Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998); *Hutchins*, 992 S.W.2d at 633.

In *Ochoa*, the court of criminal appeals looked to the evidence adduced at trial to determine whether the appellant had committed two separate offenses or only one. It held that the appellant's convictions for both aggravated sexual assault and indecency with a child by contact were in error because "the evidence at trial show[ed] that only one offense was committed" when appellant "put his thing in [the child's] butt." *See Ochoa*, 982 S.W.2d at 908 ("[A]ppellant was shown in this case to have committed one act which could be subject to two different interpretations."). The evidence was enough to convict for aggravated sexual assault, but because the act of penetration was the only act committed by the appellant, indecency with the child by contact was a lesser-included offense. *Id.*

Similarly, in *Hutchins*, this Court looked to the evidence adduced at trial to determine whether the appellant's double-jeopardy rights had been violated but, instead, concluded that they had not. We held that when the evidence showed that appellant touched the child's genitals with his fingers before he penetrated her with his penis, the indecency-with-a-child conviction was not a lesser-included offense of the aggravated-sexual-assault conviction, despite the indictment's failure to specify the manner of the appellant's touching:

10

If the evidence also showed that the only act of sexual contact committed by appellant . . . was the contact incident to appellant's penetration of L.M. with his penis, or if the court's jury charge had required the jury to find that appellant touched L.M. with his penis, we would also agree with appellant that he could not be convicted for both aggravated sexual assault and indecency with a child by contact. *See Ochoa*, 982 S.W.2d at 907-08. But neither the evidence nor the charge was so limited. L.M. testified that appellant touched her genitals with his fingers before penetrating her with his penis. The jury charge, tracking the indictment, required the jury to find only that appellant touched L.M.'s genitals with the requisite intent; the charge did not require a finding that appellant touched L.M. with his penis. Although the two acts were committed in close temporal proximity, appellant's touching of L.M.'s genitals with his fingers was a separate and distinct act from his penetration of her female sexual organ with his penis. Because appellant has not shown that his conviction for indecency with a child by contact was based on the same conduct underlying his conviction for aggravated sexual assault of a child, his contention that these convictions constitute multiple punishments for the same offense is without merit.

*Hutchins*, 992 S.W.2d at 633. Here, the evidence showed that J.H. touched D.H.'s genitals with his fingers, a separate offense from causing her genitals to touch his mouth. Thus, J.H. has not shown that his adjudication of guilt for the offense of indecency with D.H. by contact was based on the same conduct underlying his offense for aggravated sexual assault against D.H. We conclude, therefore, that *Hutchins* is directly on point, and we decide J.H.'s fifth point in accordance with *Ochoa*'s direction to look to the evidence adduced at trial. We overrule J.H.'s fifth point of error.

### *Harm analysis*

J.H. asserts that if we have found error in the disposition phase of his proceeding, we must use the criminal-harm analysis of appellate rule of procedure 44.2 to review that error and remand this cause for a new disposition hearing. *See* Tex. R. App. P. 44.1, 44.2; *In re D.V.*, 955 S.W.2d 379, 380 (Tex. App.—San Antonio 1997, no writ) ("When the State proceeds with

determinate sentencing, the criminal-harm analysis applies, but when the State proceeds with indeterminate sentencing, the civil-harm analysis applies."); *In re D.Z.*, 869 S.W.2d 561, 565-66 (Tex. App.—Corpus Christi 1993, writ denied); *see also In re L.R.*, 84 S.W.3d 701, 707 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *In re K.W.G.*, 953 S.W.2d 483, 488 (Tex. App.—Texarkana 1997, pet. denied). The State contends that, rather, the civil-harm analysis should apply and that the error, if any, probably did not cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1; *In re C.P.*, 925 S.W.2d 151, 152 (Tex. App.—Austin 1996, pet. denied).

The supreme court has determined that "[j]uvenile proceedings are quasi-criminal in nature" but has not decided whether criminal rules for harm analysis should be applied on appeal. *See In re D.I.B.*, 988 S.W.2d 753, 756 (Tex. 1999) (applying civil-harm-analysis standard when appellant did not challenge State's use of that standard and expressly reserving question of which harm standard should apply). This Court has applied the civil-harm analysis to review error in a non-determinate-sentencing case. *See In re C.P.*, 925 S.W.2d at 152. However, because of the quasi-criminal nature of juvenile proceedings and the possibility with a determinate sentence of imprisonment that extends into adulthood, we agree with our sister courts in San Antonio, Corpus Christi, Texarkana, and the First District in Houston that the criminal-harm analysis should govern in juvenile appeals concerning the imposition of a determinate sentence. *See* Tex. R. App. P. 44.2.

Under a criminal-harm analysis, constitutional error is governed by Rule 44.2(a), and non-constitutional error is governed by 44.2(b). *See id.* J.H. relies on *In re G.A.O.* to ask that we remand this cause for a new disposition hearing, insisting that it is impossible to tell whether the offenses in paragraphs seven and ten contributed to the punishment. But *In re G.A.O.* involved a

12

fundamental constitutional right—appellant's adjudication for both an offense and a lesser-included offense, violating double-jeopardy protections. *See* 854 S.W.2d 710, 716 (Tex. App.—San Antonio 1993, no writ). We have held that here there was no double-jeopardy violation. The only error we have found in this case is the trial court's finding of true for paragraphs seven and ten, when J.H. had established an affirmative defense to those charges. We hold that this error is non-constitutional. *See Mauldin v. Texas State Bd. of Plumbing Exam'rs*, 94 S.W.3d 867, 872 (Tex. App.—Austin 2002, no pet.) (statutory affirmative defenses are not "enshrined as fundamental rights in the constitution"). Thus, we must disregard the error unless it "affect[s] substantial rights." *See* Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a "substantial and injurious effect on the jury's verdict." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (citing *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). We must examine the record as a whole when conducting a harm analysis. *Id.* A conviction for non-constitutional error will not be overturned if an appellate court has "fair assurance that the error did not influence the jury, or had but a slight effect." *Id.* (quoting *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

From the record, we cannot conclude what effect, if any, these additional two findings had on the court's imposition of a twenty-five-year determinate sentence. Although we can fairly conclude that the findings did not contribute to the imposition of the determinate sentence itself, because the aggravated sexual assault alone warranted such a disposition, we cannot satisfy ourselves that the two additional findings did not contribute to the length of that sentence. It is possible that the sentence is longer than it would have been had the findings as to paragraphs seven and ten been stricken. We resolve such doubt in the juvenile's favor and remand for a new disposition hearing.

13

## CONCLUSION

We strike those portions of the adjudication order that find paragraphs seven and ten of the petition true, modify the adjudication order accordingly, and affirm the order as modified. Because we cannot conclude what effect the additional two findings had on the length of J.H.'s determinate sentence, we reverse the disposition order and remand this cause to the district court for a new disposition hearing.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Modified and, as Modified, Affirmed in Part; Reversed and Remanded in Part

Filed: February 5, 2004