COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-250-CV
 
 
  
IN 
THE MATTER OF C.J.M.
 
  
  
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION*
 
------------
        Appellant 
C.J.M. pled true and was adjudicated delinquent based on his aggravated sexual 
assault of a child under fourteen years of age. Because he was subject to a 
determinate sentence, he elected to have a jury decide his disposition.[1]  The jury assessed his disposition at ten years’ 
commitment in the Texas Youth Commission with a possible transfer to the 
Institutional Division of the Texas Department of Criminal Justice,[2] and the trial court entered an order of commitment 
accordingly. Appellant brings one point on appeal, contending that the trial 
court abused its discretion by admitting evidence during the disposition phase 
of an extraneous unadjudicated offense Appellant allegedly committed against 
another child.  Because we agree with Appellant that the trial court abused 
its discretion by admitting the extraneous evidence and that the evidence harmed 
him, we reverse the judgment on disposition and the order of commitment and 
remand this case for a new disposition hearing.
Background 
Facts
        Appellant 
pled true before a jury to the aggravated sexual assault of a seven-year-old 
girl, C.S.  The jury found that he was delinquent.  During the 
disposition phase, the State called L.J., a five-year-old girl, to the 
stand.  Appellant timely objected to her testimony “based on 51.17 of the 
Texas Family Code, which specifically says that the Texas Rules of Evidence as 
well as Chapter 38 of the Code of Criminal Procedure appl[y]” and “that this 
is an alleged extraneous offense which is not allowed to be admitted into 
court.”  Appellant secured a running objection on these grounds to the 
child’s testimony.  The trial court admitted the evidence before the jury 
over Appellant’s objection and without giving a timely limiting 
instruction.  L.J., Appellant’s cousin, ultimately testified that when 
she was four years old, Appellant penetrated her vaginally and anally with his 
penis. L.J.’s aunt and guardian, Brandy Broushard, confirmed that L.J. had 
made an outcry against Appellant and discussed the changes in L.J. that were 
allegedly related to Appellant’s actions.  Appellant’s counsel secured 
a running objection under Rule 404 to Broushard’s testimony.  The State 
questioned Appellant about the alleged extraneous act when he testified, 
resulting in his asserting his Fifth Amendment right not to incriminate himself 
before the jury.  Evidence of other, less serious bad acts, adjudicated and 
unadjudicated, was also admitted but is not complained of here.  The State 
relied on the evidence of the alleged aggravated sexual assault against L.J. in 
its closing argument.  The limiting instruction in the charge provided that 
the jury should not consider the evidence of extraneous crimes or bad acts 
unless they had been proven beyond a reasonable doubt.  Appellant timely 
appealed.
Extraneous 
Offense Evidence at Disposition
        As 
both parties point out, had Appellant been certified to stand trial as an adult, 
Article 37.07 of the Texas Code of Criminal Procedure would have governed.  
That statute allows the admission of,
   
notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence 
of an extraneous crime or bad act that is shown beyond a reasonable doubt by 
evidence to have been committed by the defendant or for which he could be held 
criminally responsible, regardless of whether he has previously been charged 
with or finally convicted of the crime or act.[3]
 
 
But 
Chapter 37 of the Texas Code of Criminal Procedure is not applicable to juvenile 
proceedings.[4]  The juvenile justice code 
expressly provides,
 
        51.17. Procedure and 
Evidence
(a) 
Except for the burden of proof to be borne by the state in adjudicating a child 
to be delinquent or in need of supervision under Section 54.03(f) or otherwise 
when in conflict with a provision of this title, the Texas Rules of Civil 
Procedure govern proceedings under this title.
  
. 
. . .
  
(c) 
Except as otherwise provided by this title, the Texas Rules of Evidence 
applicable to criminal cases and Chapter 38, Code of Criminal Procedure, apply 
in a judicial proceeding under this title.[5]
    
Chapter 
38 of the Texas Code of Criminal Procedure expressly allows evidence of an 
accused’s extraneous offenses or acts against the same complainant in the case 
with which he is charged,[6] but the chapter does not 
address extraneous offense evidence involving a different complainant.  The 
juvenile justice code does not otherwise speak to the issue before us.  We 
therefore must resort to the Texas Rules of Evidence.[7]
        As 
the State points out, Texas Rule of Evidence 404(b), which specifically governs 
the admissibility of extraneous offenses, does not speak to the admissibility of 
extraneous offenses in the punishment phase of criminal cases.[8] 
  Rule 404(b) provides that
  
[e]vidence of other crimes, wrongs or acts is not admissible to prove the 
character of a person in order to show action in conformity therewith. It may, 
however, be admissible for other purposes, such as proof of motive, opportunity, 
intent, preparation, plan, knowledge, identity, or absence of mistake or 
accident.[9]
  
 
        The 
State argues that there appears to be a gap in the statutory law and that we 
should fill the gap ourselves by applying Article 37.07 to determinate 
sentencing cases, not Rule 404(b), because juveniles who are subject to 
determinate sentencing commit “adult” crimes and should be treated like 
adults.  But we cannot usurp the Texas Legislature’s power.[10]  Until the Texas Legislature or the Texas Supreme 
Court otherwise instructs us, we shall follow section 51.17 of the juvenile code 
and apply the rules of evidence applicable to criminal cases to issues of 
admissibility at the disposition phase of all juvenile cases.  Rule 404(b) 
is applicable to criminal cases.[11]
        At 
the time of the admission of the evidence, Appellant had already pled true to 
the allegations in the petition to adjudicate and had already been found 
delinquent by the jury.  No exception under Rule 404(b) would allow the 
evidence about L.J. to come in, and, indeed, the State did not advance a Rule 
404(b) exception for offering the evidence, either at trial or here.  The 
only purpose for offering the evidence was to show that Appellant, while on 
probation, had sexually assaulted another young child just months earlier than 
the offense alleged in the petition to adjudicate.  That is, the State 
wanted to show that Appellant was someone who would continue to sexually assault 
young girls unless he was confined—he would act in conformity with his 
character.  We therefore hold that the trial court abused its discretion by 
admitting the evidence in violation of Rule 404(b).
Harm Analysis
        Having 
found error, we must conduct a harm analysis to determine whether the error 
calls for reversal of the judgment.  We agree with both parties and several 
of our sister courts that harm in juvenile appeals from determinate sentences 
should be analyzed under Rule 44.2. [12]  
Because the error is not constitutional,[13] we apply 
Rule 44.2(b) and disregard the error if it does not affect Appellant’s 
substantial rights.[14]   A substantial 
right is affected when the error had a substantial and injurious effect or 
influence in determining the jury’s verdict.[15]   
In making this determination, we review the record as a whole.[16]
        The 
record shows that Appellant, sixteen years old at the time of trial, had been 
classified as mentally retarded since he was nine years old and functioned at 
the level of an eight-year-old.  He had also been diagnosed as having 
bipolar, attention deficit hyperactivity, and oppositional/defiant 
disorders.  His own upbringing had been marred by sexual and physical 
abuse, and the juvenile detention center nurse testified that he was scarred 
from head to foot.
        At 
the time of the sexual assault of C.S., which involved oral-genital contact, 
vaginal and anal digital penetration, and anal penetration with his penis, 
Appellant was at the home of his mother, who allowed him to smoke marijuana and 
drink alcohol.  He was also taking his prescription medications.  He 
testified that at the time, he did not know his conduct was wrong or that he 
would get in trouble.  Also, at the time of the offense, Appellant was on 
juvenile probation for theft, assault bodily injury, and burglary of a 
habitation.  There was evidence that he was often hard to control, both in 
and out of institutional settings.  None of these other extraneous offenses 
and bad acts, however, indicated that Appellant was a repeat sexual offender of 
young girls.
        In 
his closing argument, the prosecutor emphasized the alleged sexual assault 
against L.J. as much, if not more than, the charged sexual assault against C.S., 
the theme of his argument being that Appellant could not help himself, that he 
would go on sexually assaulting little girls if not confined.
        Based 
upon our review of all the evidence, as discussed above, we must conclude that 
the trial court’s error in admitting the evidence about the alleged extraneous 
offense had a significant or injurious effect on the jury’s verdict such that 
Appellant’s substantial rights were affected.[17]  
We sustain Appellant’s sole point.
Conclusion
        Having 
sustained Appellant’s point, we reverse the disposition judgment and the order 
of commitment and remand this case to the trial court for a new trial on 
disposition.
   
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
LIVINGSTON, 
J. filed a concurring opinion.
 
DELIVERED: 
June 16, 2005


 
COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-04-250-CV
 
  
  
IN 
THE MATTER OF C.J.M.
 
 
  
------------
  
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
CONCURRING OPINION
 
------------
        While 
I agree with the conclusion the majority opinion reaches, I respectfully write 
separately to make a couple of observations.
        When 
a statute is clear and unambiguous, we “should give the statute its common 
meaning.”  St. Luke’s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 
505 (Tex. 1997); see also Sisk v. State, 131 S.W.3d 492, 494 (Tex. Crim. 
App. 2004); Hernandez v. State, 127 S.W.3d 768, 771 (Tex. Crim. App. 
2004).  When language in a statute is unambiguous, we will seek the intent 
of the legislature as found in the plain and common meaning of the words and 
terms used.   St. Luke’s Episcopal Hosp., 952 S.W.2d at 505; In 
re K.L.V., 109 S.W.3d 61, 65 (Tex. App.—Fort Worth 2003, pet. denied). We 
should not adopt a construction that would render a law or provision 
meaningless.  Centurion Planning Corp. v. Seabrook Venture II, No. 
01-02-00518-CV, 2004 WL 2823125, at *3 (Tex. App.—Houston [1st Dist.] Dec. 9, 
2004, no pet. h.).
        While 
I agree that there is a gap in the juvenile justice code’s instructions to the 
courts on what additional rules of criminal procedure apply in a Title III 
action, I believe there are two justifications for reaching the conclusion that 
we reach today.
        First, 
as observed by the majority, section 51.17(c) of the juvenile justice code tells 
us specifically that courts may apply and use chapter 38 of the code of criminal 
procedure in Title III cases. Tex. Fam. Code Ann. § 51.17(c) (Vernon 
Supp. 2004-05).  Had the legislature so desired, it could have included a 
reference to chapter 37 of the code of criminal procedure as well, but it did 
not do so.  Under the rules of statutory construction, we should not assume 
the omission was unintentional. See Upjohn Co. v. Rylander, 38 S.W.3d 
600, 607 (Tex. App.—Austin 2000, pet. denied).
        Second, 
we also know under rule of evidence 609(d) that in juvenile justice proceedings 
under Title III, evidence of prior juvenile adjudications are admissible in the 
limited situation in which the witness is a party. Tex. R. Evid. 609(d).  This 
provision, not mentioned by appellant, the State, or the majority opinion, tells 
us that during a juvenile proceeding, evidence of prior juvenile adjudications 
against that particular juvenile are admissible to attack the juvenile’s 
credibility if the juvenile testifies.  Id.  Thus, we have 
clear authority from the supreme court to admit prior juvenile adjudications of 
a witness/party during a pending juvenile proceeding of that witness/party, but 
not prior extraneous, unadjudicated offenses.  In this case, had the 
extraneous offense testified to by L.J. been previously adjudicated against 
C.J.M., it would have been admissible to attack C.J.M.’s credibility.  
Since it had not yet been pursued to an adjudication, it was not admissible.
        I 
believe the unadjudicated offense was inadmissible for these additional reasons 
and therefore concur in the majority opinion and judgment.
  
                                                          TERRIE 
LIVINGSTON
                                                          JUSTICE
 
 
DELIVERED: 
June 16, 2005


 
NOTES
 
* Majority Opinion by Justice Dauphinot; Concurring Opinion by 
Justice Livingston
     
Majority Opinion Notes:
1.  
See Tex. Fam. Code Ann. § 
54.04(d)(3) (Vernon Supp. 2004-05).
2.  
See id.
3.  
Tex. Code Crim. Proc. Ann. art. 
37.07 § 3(a)(1) (Vernon Supp. 2004-05).
4.  
See Tex. Fam. Code Ann. § 
51.17(c) (Vernon Supp. 2004-05).
5.  
Id. § 51.17(a)(c).
6.  
See Tex. Code Crim. Proc. Ann. 
art. 38.37 (Vernon 2005).
7.  
See Tex. Fam. Code Ann. § 
51.17.
8.  
See Harrell v. State, 884 S.W.2d 154, 166 n.13 (Tex. Crim. App. 1994); Patton 
v. State, 25 S.W.3d 387, 392 (Tex. App.—Austin 2000, pets. ref’d); Ramirez 
v. State, 967 S.W.2d 919, 923 (Tex. App.—Beaumont 1998, no pet.).
9.  
Tex. R. Evid. 404(b).
10.  
See Brown v. De La Cruz, 156 S.W.3d 560, 566 (Tex. 2004) (“That does 
not give us the power (as the United State Supreme Court has stated) ‘to 
legislate . . . to fill any hiatus Congress has left.’”) (quoting Touche 
Ross & Co. v. Redington, 442 U.S. 560, 579, 99 S. Ct. 2479, 2491 
(1979)).
11.  
See, e.g., Johnston v. State, 145 S.W.3d 215, 219 (Tex. 
Crim. App. 2004).
12.  
See Tex. R. App. P. 44.2, In 
re J.H., 150 S.W.3d 477, 485 (Tex. App.—Austin 2004, pet. denied); In 
re L.R., 84 S.W.3d 701, 707 (Tex. App.—Houston [1st Dist.] 2002, no pet.); 
In re D.V., 955 S.W.2d 379, 380 (Tex. App.—San Antonio 1997, no pet.); In 
re K.W.G., 953 S.W.2d 483, 488 (Tex. App.—Texarkana 1997, pet. denied); In 
re D.Z., 869 S.W.2d 561, 565-66 (Tex. App.—Corpus Christi 1993, writ 
denied).
13.  
See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).
14. 
Tex. R. App. P. 44.2(b); see 
Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 526 U.S. 1070 (1999); Coggeshall v. State, 961 
S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d).
15.  
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos 
v. United States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall, 
961 S.W.2d at 643.
16.  
See Johnson, 967 S.W.2d at 417.
17.  
See Curtis v. State, 89 S.W.3d 163, 170 (Tex. App.—Fort Worth 2002, 
pet. ref’d).