In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-396 CV


 ______________________


 

IN THE MATTER OF A.G.P.






On Appeal from the County Court at Law No. 1


Montgomery County, Texas


Trial Cause No. 05-11-10104 JV






MEMORANDUM OPINION


 A.G.P., a juvenile, was charged with four counts of aggravated sexual assault of a
child and two counts of indecency with a child. A jury returned a verdict of "true" on all six
allegations, and the trial court adjudicated A.G.P. as having engaged in delinquent conduct. 
The trial court ordered A.G.P. "committed to the Texas Youth Commission for a fifteen (15)
year determinate sentence with possible transfer to the Texas Department of Criminal Justice
Institutional Division pursuant to §53.045 of the Texas Family Code."

 Abandoning issues one and three, A.G.P. relies solely on issue two on appeal. He
contends the record does not establish he waived his right to have a jury decide disposition
of his sentence, and asks that the case be remanded for further proceedings. The State
concedes error on issue two, and states the case should be remanded to the trial court "for
disposition purposes only."

 Section 54.04(a) of the Family Code provides that "[t]he disposition hearing" "shall
be separate, distinct, and subsequent to the [juvenile's] adjudication hearing." Tex. Fam.
Code Ann. § 54.04(a) (Vernon Supp. 2006). The statute further provides that "[t]here is no
right to a jury at the disposition hearing unless the child is in jeopardy of a determinate
sentence under Subsection (d)(3) or (m), in which case, the child is entitled to a jury of 12
persons to determine the sentence." Id. Here, the juvenile was in jeopardy of a determinate
sentence and was entitled to a jury at the disposition hearing. See Tex. Fam. Code Ann. §
54.04(d)(3) (Vernon Supp. 2006); Tex. Fam. Code Ann. § 53.045(a)(5) (Vernon 2002). 

 Section 51.09 of the Family Code governs waiver of rights under the Juvenile Justice
Code and provides as follows:

 § 51.09. Waiver of Rights


 Unless a contrary intent clearly appears elsewhere in this title, any right
granted to a child by this title or by the constitution or laws of this state or the
United States may be waived in proceedings under this title if:


 (1) the waiver is made by the child and the attorney for the child;


 (2) the child and the attorney waiving the right are informed of and 
understand the right and the possible consequences of waiving
it;


 (3) the waiver is voluntary; and


 (4) the waiver is made in writing or in court proceedings that are
recorded. 


Tex. Fam. Code Ann. § 51.09 (Vernon 2002). At the beginning of the disposition hearing,
the following occurred: 

 (Open court, juvenile-respondent present, no jury)


 [THE COURT]: The Juvenile-Respondent's attorney has approached the Court
and indicated that he wished to waive the jury in deciding disposition and the
State has indicated that they have no objection to that election.

 For the purposes of the record, is that correct, Mr. [Attorney for A.G.P.]?


 [A.G.P's ATTORNEY]: It is, Judge.

 

 [THE COURT]: And, [Prosecutor], does the State agree with that decision?

 

 [PROSECUTOR]: State agrees.

 

 [THE COURT]: All right. Thank you. Ask the jury in. 


The Clerk's Record does not contain a written waiver by A.G.P. of jury disposition of the
sentence, and although the colloquy before the trial court reveals the juvenile's attorney
waived jury disposition, there is no record the juvenile himself did. The statute requires that
both the child and the attorney for the child waive the right. See id. The State concedes the
trial court erred by not complying with section 51.09. Where there is no record showing that
the juvenile himself waived jury disposition, and understood his right, waiver by the child's
attorney alone is insufficient under the statute. See id. 

 The Supreme Court has stated that juvenile proceedings are quasi-criminal in nature. 
In re D.I.B., 988 S.W.2d 753, 756 (Tex. 1999). The lack of a waiver of a jury disposition of
the juvenile's sentence has not been labeled structural error by the United States Supreme
Court. See Johnson v. State, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005). Unless the error
is structural, generally an appellate court must conduct a harm analysis of the trial court's
error. See Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); see also Mendez v.
State, 138 S.W.3d 334, 339-40 (Tex. Crim. App. 2004) (list of structural errors). In the
juvenile context, the Texas Supreme Court in In re D.I.B. analyzed two Court of Criminal
Appeals cases, Cain v. State and Matchett v. State, (1) and stated that the decisions in those
cases "thoughtfully explain why a harm analysis should be applied even in cases in which the
trial court fails to give statutorily mandated explanations or admonishments." In re D.I.B.,
988 S.W.2d at 758; see also In re C.O.S., 988 S.W.2d 760, 765-69 (Tex. 1999) (harm
analysis conducted). The Court in D.I.B. conducted a harm analysis. (2) In re D.I.B., 988
S.W.2d at 759.

 Here, the trial court was required to implement A.G.P.'s right to a jury disposition of
his sentence unless he affirmatively waived that right. See §§ 51.09, 54.04(a). When error
occurs, a harm analysis would normally be required. See Tex. R. App. P.44.1, 44.2. Given
the circumstances of this case, the nature of the error, the insufficiency of the record for
harmless error analysis, the State's concession of error, and both the juvenile's and the
State's requests for remand, we resolve any doubt concerning harm in the juvenile's favor. 
We reverse the disposition only and remand for a new disposition hearing. See In re D.I.B.,
988 S.W.2d 753; In re J.H., 150 S.W.3d 477, 485-86 (Tex. App.--Austin 2004, pet. denied). 
We sustain issue two. 

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR A NEW
DISPOSITION HEARING.

 ____________________________

 DAVID GAULTNEY

 Justice

Submitted on May 11, 2007

Opinion Delivered May 24, 2007


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. See Cain, 947 S.W.2d at 264; Matchett v. State, 941 S.W.2d 922 (Tex. Crim. App.
1996).
2. The court stated, "We are not called upon to decide, and do not decide, whether the
failure to give one or more of the other explanations required by section 54.03(b) [at the
adjudication hearing] . . . might be a 'structural defect . . . , which def[ies] analysis by
'harmless-error' standards."' In re D.I.B., 988 S.W.2d at 759 (quoting Arizona v. Fulminante,
499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). However, as we noted, the
United States Supreme Court has not labeled the error in this case as structural.