In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-11-00258-CR

CAMERON PAUL WEINZETTLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause No. 11-04-03592-CR

MEMORANDUM OPINION

In this appeal from a conviction for three counts of indecency with a child, Cameron Paul Weinzettle challenges the jury's failure to find in his favor on his affirmative defense, that he "did not use duress, force, or a threat against the victim at the time of the offense[,]" by a preponderance of the evidence. *See* Tex. Penal Code Ann. § 21.11(b)(2) (West 2011).[1] In one issue, Weinzettle contends the evidence at trial is

_____

[1]Because the amendment to section 21.11 is not material to this case, we cite the current version of the statute.

insufficient to support the jury's rejection of his affirmative defense. Because the evidence supports the verdict and the judgment is not against the great weight and preponderance of the evidence regarding the affirmative defense, we affirm the trial court's judgment.

The testimony from the trial reflects that Weinzettle and the complaining witness, his sister, began having frequent sexual contact when he was approximately thirteen, and the complaining witness was twelve. There is also testimony that the sexual contact continued when the complaining witness was still a child and after Weinzettle was seventeen. The complaining witness also testified that her father had sexually abused her at various times, which she approximated as having been between her sixth and twelfth birthdays, and that, during the period the father's abuse occurred, she told Weinzettle what her father was doing to her.

During the trial, the complaining witness testified that Weinzettle never used physical force to make her do anything, that he never threatened her, that he never threatened to tell on her, and that he never threatened that he would hurt others if she did not cooperate. According to the complaining witness, during the periods pertaining to the indictment, Weinzettle entered her room at night and asked that she engage in sexual conduct. When he asked, the complaining witness testified that "even though [she] said no," Weinzettle did not stop.

The State offered expert testimony to rebut Weinzettle's affirmative defense. Dr. Lawrence Thompson, a clinical psychologist, testified that a "person can be under pressure psychologically to do something that they don't want to do, just like they could be under pressure for physical reasons to do something that they don't want to do." He explained that in situations where a child continues to be abused after saying "no," "the sense of control that the victim might feel in this -- in the situation, is [w]rested from them and they become resigned to the fact that this -- the abuse is part of their everyday life."

Because Weinzettle had the burden of proof by a preponderance of the evidence on his affirmative defense, the standard of appellate review is whether, after considering all the evidence relevant to the issue, the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Meraz v. State*, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990). *Meraz* describes the appropriate standard of review when a defendant has the burden of proof on an affirmative defense. *Id.*; *see also Brooks v. State*, 323 S.W.3d 893, 924 n.67 (Tex. Crim. App. 2010) (Cochran, J., concurring) (suggesting *Meraz* is the appropriate standard of review when a defendant has the burden of proof on an affirmative defense); *Lantrip v. State*, 336 S.W.3d 343, 346 n.5 (Tex. App.—Texarkana 2011, no pet.).

Duress is not defined in the statute. *See* Tex. Penal Code Ann. § 21.11 (West 2011). When the Legislature does not define a word used in a statute, it is "'to be

3

understood as ordinary usage allows, and jurors may thus freely read statutory language to have any meaning which is acceptable in common parlance.'" *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011) (quoting *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992)); *see also* Tex. Penal Code Ann. § 1.05 (West 2011) ("The rule that a penal statute is to be strictly construed does not apply to this code. The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code."). In common language, "duress" may be defined as: "1. Hardness, roughness, violence, severity; hardness of endurance, resistance, etc., firmness. . . . 2. Harsh or severe treatment, infliction of hardship, oppression, cruelty; harm, injury; affliction. . . . 3. Forcible restraint or restriction; confinement, imprisonment; . . . 4. Constraint, compulsion; . . . Constraint illegally exercised to force a person to perform some act." 4 Oxford English Dictionary 1133 (2nd ed. 1989).

The facts and circumstances leading to the encounters at issue allowed the jury to conclude that the complaining witness was forced to submit to acts she did not wish to engage in. The jury was free to believe that the complaining witness told Weinzettle as much, but he persisted, taking advantage of her lack of knowledge about what is considered normal sexual conduct by using his knowledge about the longstanding sexual abuse that had been occurring in the household. Applying the sense of duress as a constraint illegally exercised to force a person to perform an act, the jury could

reasonably conclude that Weinzettle failed to prove that he did not force the complaining witness to have the sexual encounters at issue. *Id.*

The meaning of duress in a similar context has been established. The Austin Court of Appeals held that a juvenile established a defense under section 21.11(b) where the victim testified that the appellant enticed her with candy but stopped the sexual conduct and left her alone when she said "'no.'" *In re J.H.*, 150 S.W.3d 477, 482 (Tex. App.—Austin 2004, pet. denied). Here, under the circumstances existing in this household, the jury was entitled to accept the testimony of the complaining witness and infer that she was compelled to engage in the conduct at issue despite her expressing her desire not to do so. In Weinzettle's case, the jury could reasonably conclude that Weinzettle knew the complaining witness was susceptible to being abused and that she did not participate in the encounters at issue voluntarily. Although meager, the evidence is sufficient to allow the jury to reject Weinzettle's affirmative defense. We overrule Weinzettle's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 27, 2012
Opinion Delivered February 6, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.